

22CV95463

COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED

2022 SEP 19 PM 12: 16

JAMES L. SPAETH
CLERK OF COURTS

**PAVAN V. PARIKH**
HAMILTON COUNTY CLERK OF COURTS
HAMILTON COUNTY COURTHOUSE
CINCINNATI, OHIO 45202

Judge : ODA II

### IMPORTANT LEGAL NOTICE
### REGARDING TRANSFER OF CASE

TRANSFEREE COURT: WARREN COUNTY
500 JUSTICE DRIVE, P.O. BOX 238
LEBANON, OH 45036
ATTENTION:JAMES L. SPAETH, Clerk

TRANSFEROR COURT: HAMILTON COUNTY COURT OF COMMON PLEAS
1000 MAIN STREET, ROOM 315
CINCINNATI, OH 45202

CASE NAME: **DESMOND MOORE**
vs.
**IHG LLC d/b/a KINGS INN AND SUITES**

CASE NO: A2202053 (JUDGE CHRISTOPHER WAGNER)

ACTION: **TRANSFER OF CASE TO THE ABOVE NAMED COURT**

DATE: 09/13/2022

---

Enclosed please find all documents filed with the Hamilton County
Clerk of Courts in the above action. It is our understanding that the
Transferee Court will adjudicate all civil causes and actions so removed.
*Please be advised, however, that we have NOT made a copy of the
enclosed documents,* so if any civil cause or action is remanded to the
Common Pleas Court in Hamilton County you will have to return all of
the enclosed files to us or provide us with a certified copy of same to
use on remand and for microfilm storage preparation.

**PAVAN V. PARIKH**
Clerk of the Court of Common Pleas
Hamilton County, Ohio



D135957332

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY**



ENTERED

COMMON PLEAS COURT
WARREN COUNTY SEP 12 2022
FILED

2022 SEP 19 PM 12: 16

| | | |
|---|---|---|
| DESMOND MOORE, | : | Case No: A2202053 L. SPAETH |
| | | CLERK OF COURTS |
| Plaintiff, | : | **Judge Christopher Wagner** |
| v. | : | |
| | : | |
| IHG LLC d/b/a KINGS INN AND SUITES. | : | **ENTRY GRANTING JOINT MOTION TO** |
| | : | **TRANSFER CASE TO** |
| Defendant. | : | **WARREN COUNTY** |

This matter came before the Court on the joint motion of the parties to transfer this case to Warren County. Defendant's principal place of business is in Warren County as well as the facts underlying Plaintiff's claims. Under Civil R. 3(D), this Court GRANTS the motion to change venue and transfer this case to the Warren County Court of Common Pleas.

IT IS SO ORDERED.

Judge Christopher Wagner

7/12/22

Date

COURT OF COMMON PLEAS
ENTER

HON. CHRISTOPHER A. WAGNER
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

FOR COURT USE ONLY

S.C.
Line # : 15

CMSQ480

| Case Id | or | Municipal Case Number | or | Common Pleas Case Number | Court |
|---------|-----|------------------------|-----|--------------------------|-------|
| 130175157 | / / / | | | A /22/02053 / | CCV |

DESMOND MOORE                    vs. IHG LLC DBA KINGS INN AND
                                     SUITES

| Document Type | Image # | Pages | Date Filed | |
|---------------|---------|-------|------------|---|
| Initial Filing | | 19 | 06/08/2022 | View |
| Classification Form | | 1 | 06/08/2022 | View |
| Written Request | | 1. | 06/08/2022 | View |
| Filing | | 4 | 06/08/2022 | View |
| Summons | | 1 | 06/10/2022 | View |
| Summons | | 1 | 06/10/2022 | View |
| Summons | | 1 | 06/10/2022 | View |
| Service Return | | 1 | 06/20/2022 | View |
| Service Return | | 1 | 06/20/2022 | View |
| Service Return | | 1 | 06/20/2022 | View |
| Notice | | 2 | 08/15/2022 | View |
| Notification Form | | 1 | 08/15/2022 | View |
| Motion | | 2 | 08/15/2022 | View |
| Motion | | 2 | 08/16/2022 | View |
| Entry | | 1 | 08/17/2022 | View |
| Entry | | 1 | 09/12/2022 | View |

| Case Id | or | Municipal Case Number | or Common Pleas Case Number | Court |
|---|---|---|---|---|
| 130175157 | / / / | / | A /22/02053 / / | CCV   C |

DESMOND MOORE        vs.   IHG LLC DBA KINGS INN AND SUITES

Date      Ascending([N]/Y) N   Judge CHRISTOPHER A WAGNER

| | C/G Date | Crt | Dock | Description | View Images by Case | Img Nbr/** | Doc Nbr |
|---|---|---|---|---|---|---|---|
| D | G 09/12/2022 | CCV | K15 | ENTRY GRANTING JOINT MOTION TO TRANSFER CASE TO WARREN COUNTY | | ** | 135957332 |
| D | G 08/17/2022 | CCV | EE | ENTRY RE: UNOPPOSED MOTION FOR EXTENSION OF TIME TO PLEAD OR OTHERWISE DEFEND | | ** | 135748753 |
| D | G 08/16/2022 | CCV | FXM | JOINT MOTION TO TRANSFER VENUE TO WARREN COUNTY | | | 135731254 |
| D | G 08/15/2022 | CCV | FXM | UNOPPOSED MOTION FOR EXTENSION OF TIME TO PLEAD OR OTHERWISE DEFEND | | | 135725804 |
| D | G 08/15/2022 | CCV | FNFF | NOTIFICATION FORM FILED. | | | 135725799 |
| D | G 08/15/2022 | CCV | FXN | NOTICE OF APPEARANCE | | | 135725785 |
| D | G 06/20/2022 | CCV | JPRE | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO IHG LLC DBA KINGS INN AND SUITES ON 06/16/22, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0964 5586] | | | 135251464 |
| D | G 06/20/2022 | CCV | JPRE | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO IHG LLC DBA KINGS INN AND SUITES ON 06/13/22, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0964 5593] | | | 135216214 |
| D | G 06/20/2022 | CCV | JPRE | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO IHG LLC DBA KINGS INN AND SUITES ON 06/13/22, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0964 5579] | | | 135216195 |
| | G 06/15/2022 | CCV | 245 | JUDGE ASSIGNED CASE ROLLED TO WAGNER/CHRISTOPHER/A PRIMARY | | | 135231641 |
| | G 06/10/2022 | CCV | MAIA | CERTIFIED MAIL SERVICE ISSUED TO IHG LLC DBA KINGS INN AND SUITES [CERTIFIED MAIL NBR.: 7194 5168 6310 0964 5593] | | | 135190868 |
| | G 06/10/2022 | CCV | MAIA | CERTIFIED MAIL SERVICE ISSUED TO IHG LLC DBA KINGS INN AND SUITES [CERTIFIED MAIL NBR.: 7194 5168 6310 0964 5586] | | | 135190828 |
| | G 06/10/2022 | CCV | MAIA | CERTIFIED MAIL SERVICE ISSUED TO IHG LLC DBA KINGS INN AND SUITES [CERTIFIED MAIL NBR.: 7194 5168 6310 0964 5579] | | | 135190797 |
| D | G 06/10/2022 | CCV | SUMA | SUMMONS ISSUED BY CERTIFIED MAIL TO IHG LLC DBA KINGS INN AND SUITES | | | 135190869 |
| D | G 06/10/2022 | CCV | SUMA | SUMMONS ISSUED BY CERTIFIED MAIL TO IHG LLC DBA KINGS INN AND SUITES | | | 135190829 |
| D | G 06/10/2022 | CCV | SUMA | SUMMONS ISSUED BY CERTIFIED MAIL TO IHG LLC DBA KINGS INN AND SUITES | | | 135190798 |
| D | G 06/08/2022 | CCV | FF | RIGHT TO SUE, EXHIBIT 1 | | | 135182488 |
| | G 06/08/2022 | CCV | SPFA | SPECIAL PROJECTS FEE PER ENTRY 2/1/02 IMAGE 147; M-0200002 | | | 135182443 |
| | G 06/08/2022 | CCV | POST | POSTAGE: COST DESK | | | 135182441 |
| | G 06/08/2022 | CCV | LAA | O.R.C. SECTION 2303.201 | | | 135182440 |
| | G 06/08/2022 | CCV | CPC | COPY COSTS | | | 135182436 |
| | G 06/08/2022 | CCV | CMPA | COURT MEDIATION PROGRAM FEE PER ENTRY 8/3/99 IMAGE 164; M-9900002. | | | 135182435 |
| | G 06/08/2022 | CCV | CLR | COMPUTER LEGAL RESEARCH | | | 135182434 |
| | G 06/08/2022 | CCV | CLK | CLERK FEE FOR EACH CAUSE | | | 135182433 |
| | G 06/08/2022 | CCV | CI | COURT INDEX | | | 135182432 |
| | G 06/08/2022 | CCV | CCA | COURT AUTOMATION | | | 135182431 |
| | G 06/08/2022 | CCV | ATEJ | FOREIGN FEES & JURY DEMAND BY MATTHEW G BRUCE | | | 135182424 |
| D | G 06/07/2022 | CCV | CPJD | COMPLAINT & JURY DEMAND FILED | | | 135182444 |
| D | G 06/07/2022 | CCV | FCF | CLASSIFICATION FORM FILED. | | | 135182437 |



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
June 7, 2022 04:55 PM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1197921

**DESMOND MOORE**　　　　　　　　　　**A 2202053**

**vs.**

**IHG LLC DBA KINGS INN AND
SUITES**

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY
DEMAND**

**PAGES FILED: 19**

EFR200

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| DEMOND MOORE<br>1625 Roosevelt Avenue<br>Dayton, OH 45417 | ) CASE NO.<br>)<br>) JUDGE:<br>) |
|           Plaintiff, | )<br>) |
| v. | ) **COMPLAINT FOR DAMAGES**<br>) **AND INJUNCTIVE RELIEF**<br>) |
| IHG, LLC<br>d/b/a KINGS INN AND SUITES<br>ATTN: Legal/Human Resources<br>9365 Waterstone Blvd.<br>Cincinnati, OH 45249 | ) **JURY DEMAND ENDORSED**<br>) **HEREIN**<br>)<br>)<br>)<br>) |
|     **Serve Also:**<br>    IHG, LLC.<br>    d/b/a KINGS INN AND SUITES<br>    c/o Russel Adams<br>    Statutory Agent<br>    9475 B Loveland Madeira Road<br>    Cincinnati, OH 45242 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     -and- | )<br>) |
| IHG, LLC.<br>d/b/a KINGS INN AND SUITES<br>Reg. Corp. HQ<br>3 Ravinia Drive, Suite 100<br>Atlanta, GA 30346-2149 | )<br>)<br>)<br>)<br>) |
|           Defendant. | )<br>) |

Plaintiff, Demond Moore, by and through undersigned counsel, as his Complaint against

the Defendant, states and avers the following:

**PARTIES**

1. Moore is a resident of the city of Dayton, Montgomery County, Ohio.

1

2. Defendant IHG, LLC d/b/a Kings Inn and Suites ("Kings Inn") is a domestic limited liability company that conducts business within the state of Ohio.

3. The relevant location of the events and omissions of this Complaint took place was 9365 Waterstone Blvd., Cincinnati, OH 45249.

4. Kings Inn is, and was at all times hereinafter mentioned, Moore's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, the Americans with Disability Act ("ADA") 42 U.S.C. §12101, and R.C. § 4112.01 et seq.

5. Within 300 days of the adverse employment actions described herein, Moore filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-01511 ("EEOC Charge").

6. On March 15, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Moore regarding the EEOC Charge.

7. Moore received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

8. Moore had filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

9. Moore has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

10. The material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

11. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

12. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

2

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

14. Moore is a former employee of Kings Inn.

15. At all times noted herein, Moore was qualified for his position at Kings Inn.

16. At all times noted herein, Moore could fully perform the essential functions of his job, with or without reasonable accommodation.

17. Moore worked as a houseman from October 1, 2020, until Kings Inn wrongfully terminated Moore's employment on or about March 26, 2021.

18. Moore was romantically involved with his supervisor, Wanda Kratock, prior to working at Kings Inn.

19. As a result of suffering from a back injury, Moore is and was considered disabled within the meaning of R.C. § 4112 et seq.

20. As a result of suffering from a back injury, Moore is and was considered disabled within the meaning of the ADA.

21. In the alternative, Kings Inn perceived Moore as being disabled.

22. In the alternative, the Kings Inn perceived that Moore's medical condition constituted a physical impairment.

23. In the alternative, Kings Inn perceived Moore's disability to substantially impair one or more of his major life activities, including working.

24. Despite this actual or perceived disabling condition, Moore was still able to perform the essential functions of his job.

3

25. Moore gave notice of his disability early in his employment and was given a reasonable accommodation for his cleaning duties, approved by general manager Nicky Williams and Kratock.

26. However, around late December 2020, Williams and Kratock started assigning Moore more rooms than before and started giving him work outside his restrictions.

27. Moore complained to Williams and Kratock about their failure to follow his accommodations, and that he felt he was doing supervisory level work without supervisory level pay, especially since Kings Inn did not allow overtime work.

28. This was a protected complaint of disability discrimination and a failure to accommodate.

29. In response, Kratock threatened to delay or not pay Moore's previous overtime hours.

30. Moore complained it would illegal if Kratock refused to pay him.

31. This was a protected complaint of wage retaliation.

32. Moore once again complained about the failure to follow his accommodations and how this was worsening his back condition.

33. This was another protected complaint of disability discrimination.

34. Kings Inn disregarded Moore's Discrimination Complaints and failed to take any action with respect to the failure to accommodate or threatened retaliation.

35. In or around January 2021, Kratock wrote up Moore.

36. Upon information and belief, Moore thought this write up was because of his previous romantic relationship with Kratock and an attempt to hide their relationship as it may have overlapped with Kratock's relationship with her then-current boyfriend.

37. Moore reported this write up as discriminatory based on his sex/gender and as sexual harassment.

4

38. This was a protected complaint of sex/gender discrimination and sexual harassment.

39. In or around March 2021, Moore started experiencing recurring spasms in his back and other medical problems.

40. Moore informed Williams and Kratock of his worsening back condition and requested that he return to his previous accommodations.

41. On or around March 9, 2021, Moore provided a doctor's note to encourage the engagement in the interactive process of finding reasonable accommodations and the return to his accommodations.

42. This was a protected request for reasonable accommodations.

43. On or about March 26, 2021, Moore's employment was terminated.

44. Moore was informed the reason for his termination was "creating a hostile working environment."

45. This termination was less than a month after Moore made his request for accommodations.

46. Kings Inn's purported reason for Moore's termination is pretext for disability discrimination.

47. Alternatively, Defendant did not proffer a legitimate non-discriminatory reason for terminating Moore.

48. As a result of being constantly harassed and insulted on the basis his disability during his employment at Kings Inn, and being wrongfully terminated from Kings Inn, Moore has suffered severe emotional distress, anxiety, and depression.

49. The above facts demonstrate that Defendant engaged in a pattern and practice of disability discrimination.

50. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

5

51. There was a causal connection between Moore's sex/gender and Defendant's termination of Moore.

52. There was a causal connection between Moore's Disability Discrimination Complaint and Defendant's termination of Moore.

53. As a result of Kings Inn's acts and omissions, Moore has suffered damages.

## COUNT I: GENDER DISCRIMINATION UNDER TITLE VII

54. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. Moore is a member of a statutorily protected class based on his gender under Title VII.

56. Kings Inn is a unique employer that discriminates against the majority.

57. Defendant treated Moore differently than other similarly situated employees based on his gender.

58. Defendant discriminated against Moore on the basis of his gender throughout his employment with the company.

59. Kratock treated Moore differently on the basis of a previous romantic relationship and wrote him up for it.

60. Defendant terminated Moore's employment without just cause.

61. Defendant terminated Moore's employment based on his gender.

62. Defendant's discrimination against Moore based on his gender violates Title VII.

63. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

64. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

6

## COUNT II: GENDER DISCRIMINATION UNDER R.C. § 4112

65. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Moore is a member of a statutorily protected class based on his gender under R.C. § 4112 et seq.

67. Kings Inn is a unique employer that discriminates against the majority.

68. Defendant treated Moore differently than other similarly situated employees based on his gender.

69. Defendant discriminated against Moore on the basis of his gender throughout his employment with the company.

70. Kratock treated Moore differently on the basis of a previous romantic relationship and wrote him up for it.

71. Defendant terminated Moore's employment without just cause.

72. Defendant terminated Moore's employment based on his gender.

73. Defendant's discrimination against Moore based on his gender violates R.C. § 4112 et seq.

74. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

75. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: SEXUAL HARASSMENT UNDER TITLE VII

76. Moore restates each and every paragraph of this Complaint as though it were fully restated herein.

7

77. Moore was subjected to unwelcomed sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

78. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

79. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Moore reported the sexual harassment to his supervisor both verbally and in writing.

80. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

81. Kratock's sexual harassment of Moore occurred while he was acting in the course and scope of his employment as a houseman.

82. Kratock's supervisor, Williams, had knowledge of Kratock's sexual harassment and failed to take any corrective or remedial action.

83. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

84. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

**COUNT IV: SEXUAL HARASSMENT UNDER R.C. § 4112**

85. Moore restates each and every paragraph of this Complaint as though it were fully restated herein.

86. Moore was subjected to unwelcomed sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

8

87. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

88. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Moore reported the sexual harassment to his supervisor both verbally and in writing.

89. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112 et seq.

90. Kratock's sexual harassment of Moore occurred while he was acting in the course and scope of his employment as a houseman.

91. Kratock's supervisor, Williams, had knowledge of Kratock's sexual harassment and failed to take any corrective or remedial action.

92. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

93. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT V: HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX/GENDER DISCRIMINATION UNDER TITLE VII

94. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. During his employment with Kings Inn, Moore was subjected to offensive and harassing conduct by Kings Inn based on his disability and sex/gender.

96. Defendant knew or should have known of the harassing conduct against Moore by Kratock.

97. Defendant condoned, tolerated and ratified this harassing conduct.

98. This harassing conduct was severe and/or pervasive.

9

99. This harassing conduct was offensive to Moore.

100. This harassing conduct interfered with Moore's ability to perform his job duties.

101. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Moore.

102. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Moore.

103. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

104. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT VI: HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX/GENDER DISCRIMINATION UNDER R.C. § 4112

105. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. During his employment with Kings Inn, Moore was subjected to offensive and harassing conduct by Kings Inn based on his disability and sex/gender.

107. Defendant knew or should have known of the harassing conduct against Moore by Kratock.

108. Defendant condoned, tolerated and ratified this harassing conduct.

109. This harassing conduct was severe and/or pervasive.

110. This harassing conduct was offensive to Moore.

111. This harassing conduct interfered with Moore's ability to perform his job duties.

112. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Moore.

10

113. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Moore.

114. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

115. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT VII: DISABILITY DISCRIMINATION UNDER THE ADA

116. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

117. Moore suffers from a back injury.

118. Moore is disabled.

119. In the alternative, Kings Inn perceived Moore as being disabled.

120. Moore's condition constituted a physical impairment.

121. Moore's condition substantially impaired one or more of his major life activities including working.

122. Kings Inn perceived Moore's condition to substantially impair one or more of his major life activities including working.

123. Kings Inn treated Moore differently than other similarly-situated employees based on his disabling condition.

124. Kings Inn treated Moore differently than other similarly-situated employees based on his perceived disabling condition.

125. On or about March 26, 2021, Defendant terminated Moore's employment without just cause.

11

126. Defendant terminated Moore's employment based his disability.

127. Defendant terminated Moore's employment based his perceived disability.

128. Defendant violated the ADA when it discharged Moore based on his disability.

129. Defendant violated the ADA when it discharged Moore based on his perceived disability.

130. Kings Inn violated the ADA by discriminating against Moore based on his disabling condition.

131. Kings Inn violated the ADA by discriminating against Moore based on his perceived disabling condition.

132. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

133. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: DISABILITY DISCRIMINATION UNDER R.C. § 4112

134. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. Moore suffers from a back injury.

136. Moore is disabled.

137. In the alternative, Kings Inn perceived Moore as being disabled.

138. Moore's condition constituted a physical impairment.

139. Moore's condition substantially impaired one or more of his major life activities including working.

140. Kings Inn perceived Moore's condition to substantially impair one or more of his major life activities including working.

12

141. Kings Inn treated Moore differently than other similarly-situated employees based on his disabling condition.

142. Kings Inn treated Moore differently than other similarly-situated employees based on his perceived disabling condition.

143. On or about March 26, 2021, Defendant terminated Moore's employment without just cause.

144. Defendant terminated Moore's employment based his disability.

145. Defendant terminated Moore's employment based his perceived disability.

146. Defendant violated R.C. § 4112 et seq. when it discharged Moore based on his disability.

147. Defendant violated R.C. § 4112 et seq. when it discharged Moore based on his perceived disability.

148. Kings Inn violated R.C. § 4112 et seq. by discriminating against Moore based on his disabling condition.

149. Kings Inn violated R.C. § 4112 et seq. by discriminating against Moore based on his perceived disabling condition.

150. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

151. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IX: FAILURE TO ACCOMMODATE UNDER THE ADA

132. Moore informed Kings Inn of his disabling condition.

133. Moore requested accommodations from Kings Inn to assist with his disabilities including adjusting his cleaning duties.

134. Moore's requested accommodations were reasonable.

13

135. There was an accommodation available that would have been effective and would have not posed an undue hardship to Kings Inn.

136. Kings Inn approved the accommodations initially.

137. After a few months, however, Kings Inn stopped making the necessary accommodations.

138. Kings Inn failed to engage in the interactive process of determining whether Moore needed an accommodation when Moore requested his accommodations be made again.

139. Kings Inn failed to provide an accommodation.

140. Kings Inn violated the ADA.

141. As a direct and proximate result of King Inn's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT X: FAILURE TO ACCOMMODATE UNDER R.C. § 4112 et seq.

142. Moore informed Defendant of his disabling condition.

143. Moore requested accommodations from Defendant to assist with his disabilities including adjusting his cleaning duties.

144. Moore's requested accommodations were reasonable.

145. There was an accommodation available that would have been effective and would have not posed an undue hardship to Kings Inn.

146. Kings Inn approved the accommodations initially.

147. After a few months, however, Kings Inn stopped making the necessary accommodations.

148. Defendant failed to engage in the interactive process of determining whether Moore needed an accommodation when Moore requested his accommodations be made again.

149. Defendant failed to provide an accommodation.

14

150. Defendant violated R.C. § 4112 et seq. by failing to provide Moore a reasonable accommodation.

151. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

152. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT XI: RETALIATORY DISCRIMINATION

152. Moore restates each and every prior paragraph of this complaint, as if it were fully restated herein.

153. As a result of the Defendant's discriminatory conduct described above, Moore complained about the disability discrimination and sex/gender discrimination he was experiencing.

154. Subsequent to Moore's reporting of sexual harassment to his supervisor, Moore's employment was terminated.

155. Subsequent to Moore's reporting of disability discrimination to his supervisor, Moore's employment was terminated.

156. Subsequent to Moore's reporting of failure to accommodate to his supervisor, Moore's employment was terminated.

157. There was less than one month between the time Moore made his protected complaints and the termination of his employment.

158. The temporal proximity implies Moore was terminated in retaliation for his protected complaints.

159. Defendant's actions were retaliatory in nature based on Moore's opposition to the unlawful discriminatory conduct.

15

160. Pursuant to R.C. §4112 et seq., Title VII, and the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

161. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages.

162. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Moore, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Moore demands from Defendant the following:

    a) Issue a permanent injunction:

        i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

        ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

        iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

        iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

        v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Moore's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Moore for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Moore's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

__/s/ Evan R. McFarland____
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
            Trial Attorney
Brianna R. Carden (0097961)
THE SPITZ LAW FIRM, LLC
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:     (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Demond Moore

17

## JURY DEMAND

Plaintiff Demond Moore demands a trial by jury by the maximum number of jurors permitted.

/s/ Evan R. McFarland
Evan R. McFarland (0096953)

18

1



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
June 7, 2022 04:55 PM
     PAVAN PARIKH
   Clerk of Courts
 Hamilton County, Ohio
CONFIRMATION 1197921
```

**DESMOND MOORE**                         A 2202053

**vs.**

**IHG LLC DBA KINGS INN AND
SUITES**

## FILING TYPE: CLASSIFICATION

## PAGES FILED: 1

EFR200



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br><br>WWW.COURTCLERK.ORG | AFTAB PUREVAL<br>CLERK OF COURTS |
|---|---|---|

CASE NUMBER: _____ PLAINTIFF: **Chris Zornes** _____

**PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED**

**UNDER CASE NUMBER:** _____ **BY JUDGE** _____

**PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS** (please only check one):

☐ Other Tort – C360
☐ Personal Injury – C310
☐ Wrongful Death – C320
☐ Vehicle Accident – C370

☐ Professional Tort – A300
☐ Personal Injury – A310
☐ Wrongful Death – A320
☐ Legal Malpractice – A330
☐ Medical Malpractice – A340

☐ Product Liability – B350
☐ Personal Injury – B310
☐ Wrongful Death – B320

☐ Worker's Compensation
☐ Non-Compliant Employer – D410
☐ Appeal – D420

☐ Administrative Appeals – F600
☐ Appeal Civil Service – F610
☐ Appeal Motor Vehicle – F620
☐ Appeal Unemployment – F630
☐ Appeal Liquor – F640
☐ Appeal Taxes – F650
☐ Appeal Zoning – F660

☐ Certificate of Qualification – H600

☑ Other Civil – H700-34
☐ Appropriation – H710
☐ Accounting – H720
☐ Beyond Jurisdiction –730
☐ Breach of Contract – 740
☐ Cancel Land Contract – 750
☐ Change of Venue – H760
☐ Class Action – H770
☐ Convey Declared Void – H780
☐ Declaratory Judgment – H790
☐ Discharge Mechanics Lien – H800
☐ Dissolve Partnership – H810
☐ CONSUMER SALES ACT (1345 ORC) – H820
☐ Check here if relief includes declaratory judgment, injunction or class action recovery – H825
☐ Habeas Corpus – H830
☐ Injunction – H840
☐ Mandamus – H850
☐ On Account – H860
☐ Partition – H870
☐ Quiet Title – H880
☐ Replevin – H890
☐ Sale of Real Estate – H900
☐ Specific Performance – 910
☐ Restraining Order – H920
☐ Testimony – H930-21
☐ Environmental – H940
☐ Cognovit – H950
☐ Menacing by Stalking – H960
    | Repo Title – Transfer of Title Only – 970
    | Repo Title – With Money Claim – H980
☐ Injunction Sexual Predator – 990
☐ SB 10 – Termination – H690
☐ SB 10 – Reclassification – H697

DATE: **6-1-22** _____

ATTORNEY (PRINT): **Brianna Carden** _____

OHIO SUPREME COURT NUMBER: **0097961** _____

Revised 01/02/2017



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
June 7, 2022 04:55 PM
     PAVAN PARIKH
   Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 1197921
```

**DESMOND MOORE**                    A 2202053

**vs.**

**IHG LLC DBA KINGS INN AND
SUITES**

## FILING TYPE: WRITTEN REQUEST FOR SERVICE (CERTIFIED MAIL)

## PAGES FILED: 1

EFR200

Print

# Common Pleas Court of Hamilton County, Ohio Clerk of Courts

# INSTRUCTIONS FOR SERVICE

Demond Moore
_____
PLAINTIFF(S)

Vs.

CASE NO. _____

IHG, LLC. d/b/a Kings Inn and Suites
_____
DEFENDANT(S)

### TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:

CERTIFIED MAIL SERVICE ✔        ORDINARY MAIL SERVICE___

PERSONAL SERVICE BY THE SHERIFF OF _____ COUNTY ___

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ___

PERSONAL SERVICE BY PROCESS SERVER___

RESIDENCE SERVICE BY PROCESS SERVER___

**OF THE FOLLOWING DOCUMENTS:** Timestamped Complaint
_____

_____

**UPON:**

| | |
|---|---|
| IHG, LLC. d/b/a Kings Inn and Suites | IHG, LLC. d/b/a Kings Inn and Suites |
| (NAME #1) | (NAME #2) |
| ATTN: Legal/Human Resources | c/o Russel Adams Statutory Agent |
| (ADDRESS) | (ADDRESS) |
| 9365 Waterstone Blvd. | 9475 B Loveland Madeira Road |
| Cincinnati, OH 45249 | Cincinnati, OH 45242 |
| (CITY—STATE—ZIP CODE) | (CITY—STATE—ZIP CODE) |
| IHG, LLC. d/b/a Kings Inn and Suites | |
| (NAME #3) | (NAME #4) |
| Reg. Corp. HQ | |
| (ADDRESS) | (ADDRESS) |
| 3 Ravinia Drive, Suite 100 | |
| Atlanta, GA 30346-2149 | |
| (CITY—STATE—ZIP CODE) | (CITY—STATE—ZIP CODE) |

Matthew G. Bruce  0083769
_____
Attorney Name and Supreme Court I.D. No.

216-291-4744
_____
Phone Number

11260 Chester Rd, Suite 825, Cincinnaati, OH 45246
_____
Address, City, State, Zip Code

Reset



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
June 7, 2022 04:55 PM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1197921

**DESMOND MOORE**                           A 2202053

vs.

**IHG LLC DBA KINGS INN AND
SUITES**

**FILING TYPE: FILING**

**PAGES FILED: 4**

EFR200

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Cincinnati Area Office
550 Main Street, Suite 10-191
Cincinnati, Ohio, 45202
(513) 914-6007
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/15/2022

To: Demond Moore
1625 Roosevelt Ave
Dayton, OH 45417

Charge No: 473-2021-01511

EEOC Representative and email:      Daniel Williams
Investigator
daniel.williams@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 473-2021-01511.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Cincinnati Area Office
550 Main Street, Suite 10-191
Cincinnati, Ohio, 45202
(513) 914-6007
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By: Michelle Eisele / dfw
03/15/2022

Michelle Eisele
District Director

Cc:
Nikki Williams
General Manager
KINGS INN & SUITES
gmatkingsinnandsuites@gmail.com

Evan McFarland
AttorneyTHE SPITZ LAW FIRM
evan.mcfarland@spitzlawfirm.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm. In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

We recommend that you and your attorney (if you retain one) review the resources at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 473-2021-01511 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900

Indianapolis, IN 46204. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login. You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC. For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> **Only one** major life activity need be substantially limited.
> With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if **it would be substantially limiting when active.**
> An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

> A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


DESMOND MOORE
  **PLAINTIFF**

                                              Use below number on
                                              all future pleadings

        -- vs --
                                      No.  A 2202053
                                              SUMMONS

IHG LLC DBA KINGS INN AND SUIT
    **DEFENDANT**


        IHG LLC DBA KINGS INN AND SUITES
        ATTN LEGALHUMAN RESOURCES            D - 1
        9365 WATERSTONE BLVD
        CINCINNATI OH 45249


You are notified
that you have been named Defendant(s) in a complaint filed by

        DESMOND MOORE
        1625 ROOSEVELT AVENUE
        DAYTON OH 45417

                                              Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET   ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney              PAVAN PARIKH
MATTHEW G BRUCE                           Clerk, Court of Common Pleas
11260 CHESTER ROAD                           Hamilton County, Ohio
SUITE 825
CINCINNATI      OH      45246
                                     By   RICK HOFMANN
                                                      Deputy


                                     Date:   June 10, 2022

D135190798



**UNITED STATES**
**POSTAL SERVICE.**

ELECTRONIC CERTIFIED MAIL SERVICE RETURN
SUMMONS & COMPLAINT
A 2202053    D1
IHG LLC DBA KINGS INN AND SUITES
FILED: 06/20/2022  6:50:10

Date Produced: 06/20/2022

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0964 5579.
Our records indicate that this item was delivered on 06/13/2022 at 01:31 p.m. in CINCINNATI, OH
45249. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        17149275SEQ1

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>DESMOND MOORE</u>
    **PLAINTIFF**

                                        Use below number on
                                        all future pleadings

      -- vs --

                                 No.  A 2202053
                                     SUMMONS

<u>IHG LLC DBA KINGS INN AND SUIT</u>
    **DEFENDANT**


        IHG LLC DBA KINGS INN AND SUITES
        % RUSSEL ADAMS S/A              D - 1
        9475 B LOVELAND MADEIRA RD
        CINCINNATI OH 45242


You are notified
that you have been named Defendant(s) in a complaint filed by

        DESMOND MOORE
        1625 ROOSEVELT AVENUE
        DAYTON OH 45417

                                              Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET  ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney            PAVAN PARIKH
MATTHEW G BRUCE                    Clerk, Court of Common Pleas
11260 CHESTER ROAD                  Hamilton County, Ohio
SUITE 825
CINCINNATI      OH      45246

                                    By  <u>RICK HOFMANN</u>
                                                Deputy

                              Date:   June 10, 2022

D135190829

 **UNITED STATES**
**POSTAL SERVICE.**

ELECTRONIC CERTIFIED MAIL SERVICE RETURN
SUMMONS & COMPLAINT
A 2202053    D1
IHG LLC DBA KINGS INN AND SUITES
FILED: 06/20/2022  6:50:10

Date Produced: 06/20/2022

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0964 5586.
Our records indicate that this item was delivered on 06/16/2022 at 10:11 a.m. in CINCINNATI, OH
45242. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        17149280SEQ1

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


DESMOND MOORE
   **PLAINTIFF**

                                     Use below number on
                                       all future pleadings
      -- vs --

                                 No.  A 2202053
                                       SUMMONS
IHG LLC DBA KINGS INN AND SUIT
   **DEFENDANT**


     IHG LLC DBA KINGS INN AND SUITES
     REG CORP HQ                   D - 1
     3 RAVINIA DR STE 100
     ATLANTA GA 30346


You are notified
that you have been named Defendant(s) in a complaint filed by

     DESMOND MOORE
     1625 ROOSEVELT AVENUE
     DAYTON OH 45417


                                           Plaintiff(s)
in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET  ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney           PAVAN PARIKH
MATTHEW G BRUCE                Clerk, Court of Common Pleas
11260 CHESTER ROAD               Hamilton County, Ohio
SUITE 825
CINCINNATI     OH     45246
                           By  RICK HOFMANN
                                            Deputy


                     Date:   June 10, 2022

D135190869

 **UNITED STATES POSTAL SERVICE.**

ELECTRONIC CERTIFIED MAIL SERVICE RETURN
SUMMONS & COMPLAINT
A 2202053    D1
IHG LLC DBA KINGS INN AND SUITES
FILED: 06/20/2022 6:50:10

Date Produced: 06/20/2022

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0964 5593. Our records indicate that this item was delivered on 06/13/2022 at 02:44 p.m. in ATLANTA, GA 30346. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:     17149287SEQ1

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

DESMOND MOORE,

Plaintiff,

v.

IHG LLC DBA KINGS INN AND
SUITES

Defendant

Case No. A 22 02053

JUDGE: WAGNER

NOTICE OF APPEARANCE

TO THE CLERK:

Please enter the appearance of Joshua Engel as Counsel for Defendant IHG LLC d/b/a Kings Inn
and Suites.

Respectfully submitted,

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

1

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via EMAIL this August 15, 2022 upon all counsel of record.

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)

2



**Clerk of Courts**
**Court of Common Pleas, Hamilton County, Ohio**
**www.courtclerk.org**

# NOTIFICATION FORM

## CASE INFORMATION

**Date:** 8/15/2022

**Case No.:** A 22 02053

**Caption:** Desmond Moore                    vs    IHG LLC, et al

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ATTORNEY INFORMATION

**Attorney Name:** Joshua Engel

**Attorney Address:** Engel & Martin, LLC
Firm
4660 Duke Drive
Street Number
Mason, OH  45040
City, State, Zip
513-445-9600
Phone Number
513-492-8989
Fax Number
engel@engelandmartin.com
E-Mail Address

**Ohio Attorney Supreme Court No.:** 0075769

☐ **Address Change Only**

☐ **Request Case Notification / Not a Party Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COURT PARTY INFORMATION

**Name of Client:** IHG LLC et al.          ☐ Plaintiff  ■ Defendant

**Name of Client:** _____          ☐ Plaintiff  ☐ Defendant

**Name of Client:** _____          ☐ Plaintiff  ☐ Defendant

**Name of Client:** _____          ☐ Plaintiff  ☐ Defendant

**Name of Client:** _____          ☐ Plaintiff  ☐ Defendant

**Substituted for:** _____ (if applicable)

Rev. 08/03/2017

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

DESMOND MOORE,

Plaintiff,

v.

IHG LLC DBA KINGS INN AND
SUITES

Defendant

Case No. A 22 02053

JUDGE: WAGNER

UNOPPOSED MOTION FOR
EXTENSION OF TIME TO PLEAD
OR OTHERWISE DEFEND

Defendant IHG LLC d/b/a Kings Inn and Suites respectfully submits this Unopposed

Motion for an Extension of Time until August 26, 2022 to Plead or Otherwise Defend.[1]

A proposed Order accompanies this Motion.

As grounds for this Motion, Defendant states:

1.    The undersigned Counsel has only recently been retained in this matter. Counsel

requires additional time to investigate the matter and prepare an appropriate pleading or response.

2.    Counsel for Plaintiff has indicated no opposition to this request.

3.    Counsel represents that this Motion is not for purposes of delay.

Wherefore, this Court should permit Defendant IHG LLC d/b/a Kings Inn and Suites until

August 26, 2022 to Plead or Otherwise Defend

---

[1] This Motion is for procedural purposes, only. The filing of this Motion is not a general appearance
in the action and Defendant does not intend to voluntarily submit to jurisdiction of the Court or
waive any defense available under Civil Rule 12.

1

Respectfully submitted,

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via EMAIL this August 15, 2022 upon all counsel of record.

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)

2

# IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| DEMOND MOORE | : | CASE NO. A 2202053 |
| | : | |
| Plaintiff, | : | JUDGE CHRISTOPHER A. WAGNER |
| v. | : | |
| | : | **JOINT MOTION TO TRANSFER** |
| IHG LLC | : | **VENUE TO WARREN COUNTY** |
| d/b/a Kings Inn and Suites | : | |
| | : | |
| Defendant. | : | |

Plaintiff Demond Moore and Defendant IHG, LLC d/b/a Kings Inn and Suites,[1] by and through their respective undersigned counsel, and pursuant to Ohio Rules of Civil Procedure 12 and 3(D), jointly move to transfer venue of this action to the Warren County Court of Common Pleas.

## MEMORANDUM

Although Defendant has a Cincinnati address, its principal place of business is, in fact, located in Warren County, Ohio, and the facts underlying Plaintiff's claims in this action occurred in Warren County, Ohio. Thus, Hamilton County is not the proper venue, and Warren County is the appropriate venue for this action.

Rule 3(D) allows the Court to order a change of venue in these circumstances:

**Change of venue.**

(1) When an action has been commenced in a county other than stated to be proper in division (C) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (C) of this rule.

---

[1] In recent correspondence between counsel, defense counsel has indicated the proper defendant entity in this action should be Next Generation Hospitality LLC. After this case is transferred to the proper venue, Plaintiff will seek to amend his Complaint accordingly.

The Parties therefore request that this Court transfer venue to the Warren County Court of Common Pleas, Civil Division.

WHEREFORE the Parties jointly move that this action be transferred to the Warren County Court of Common Pleas and for other such relief as the Court deems proper.


/s/ Joshua A. Engel
Joshua A. Engel (0075769)
ENGEL & MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
Phone: 513-445-9600
Email: engel@engelandmartin.com

Attorney for Defendant

/s/ Matthew G. Bruce
Matthew G. Bruce (0083769)
SPITZ, THE EMPLOYEE'S LAW FIRM
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244 x 173
Email: Matthew.Bruce@SpitzLawFirm.com

Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic delivery system to all counsel of record.

/s/ Matthew G. Bruce
Matthew G. Bruce (0083769)
SPITZ, THE EMPLOYEE'S LAW FIRM

2

**ENTERED**

**AUG 17 2022**

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

DESMOND MOORE,

Plaintiff,

v.

IHG LLC DBA KINGS INN AND
SUITES

Defendant

Case No. A 22 02053

JUDGE: WAGNER

ENTRY RE:

UNOPPOSED MOTION FOR
EXTENSION OF TIME TO PLEAD
OR OTHERWISE DEFEND



D135748753

    This Matter came before the Court on the Unopposed Motion of Defendant IHG LLC

d/b/a Kings Inn and Suites for an Extension of Time to Plead or Otherwise Defend.

    For good cause shown, the Motion is GRANTED. Defendant IHG LLC d/b/a Kings

Inn and Suites is permitted until August 26, 2022 to Plead or Otherwise Defend.

    SO ORDERED.

_____

JUDGE

1



D135957332

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY**

ENTERED
SEP 12 2022

| | | |
|---|---|---|
| DESMOND MOORE, | : | Case No: A2202053 |
| **Plaintiff,** | : | **Judge Christopher Wagner** |
| **v.** | : | |
| | : | |
| **IHG LLC d/b/a KINGS INN AND SUITES.** | : | **ENTRY GRANTING JOINT MOTION TO TRANSFER CASE TO** |
| **Defendant.** | : | **WARREN COUNTY** |

This matter came before the Court on the joint motion of the parties to transfer this case to Warren County.  Defendant's principal place of business is in Warren County as well as the facts underlying Plaintiff's claims.  Under Civil R. 3(D), this Court GRANTS the motion to change venue and transfer this case to the Warren County Court of Common Pleas.

IT IS SO ORDERED.

_____
Judge Christopher Wagner

7/12/22
Date

COURT OF COMMON PLEAS
ENTER

HON. CHRISTOPHER A. WAGNER
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

FOR COURT USE ONLY

S.C.
Line # : 15