IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DEMOND MOORE<br>1625 Roosevelt Avenue<br>Dayton, OH 45417<br><br>Plaintiff,<br><br>v.<br><br>IHG, LLC<br>d/b/a KINGS INN AND SUITES<br>ATTN: Legal/Human Resources<br>9365 Waterstone Blvd.<br>Cincinnati, OH 45249<br><br>**Serve Also:**<br>IHG, LLC.<br>d/b/a KINGS INN AND SUITES<br>c/o Russel Adams<br>Statutory Agent<br>9475 B Loveland Madeira Road<br>Cincinnati, OH 45242<br><br>-and-<br><br>IHG, LLC.<br>d/b/a KINGS INN AND SUITES<br>Reg. Corp. HQ<br>3 Ravinia Drive, Suite 100<br>Atlanta, GA 30346-2149<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Demond Moore, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES

1. Moore is a resident of the city of Dayton, Montgomery County, Ohio.

1

2. Defendant IHG, LLC d/b/a Kings Inn and Suites ("Kings Inn") is a domestic limited liability company that conducts business within the state of Ohio.

3. The relevant location of the events and omissions of this Complaint took place was 9365 Waterstone Blvd., Cincinnati, OH 45249.

4. Kings Inn is, and was at all times hereinafter mentioned, Moore's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, the Americans with Disability Act ("ADA") 42 U.S.C. §12101, and R.C. § 4112.01 et seq.

5. Within 300 days of the adverse employment actions described herein, Moore filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-01511 ("EEOC Charge").

6. On March 15, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Moore regarding the EEOC Charge.

7. Moore received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

8. Moore had filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

9. Moore has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

10. The material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

11. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

12. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

14. Moore is a former employee of Kings Inn.

15. At all times noted herein, Moore was qualified for his position at Kings Inn.

16. At all times noted herein, Moore could fully perform the essential functions of his job, with or without reasonable accommodation.

17. Moore worked as a houseman from October 1, 2020, until Kings Inn wrongfully terminated Moore's employment on or about March 26, 2021.

18. Moore was romantically involved with his supervisor, Wanda Kratock, prior to working at Kings Inn.

19. As a result of suffering from a back injury, Moore is and was considered disabled within the meaning of R.C. § 4112 et seq.

20. As a result of suffering from a back injury, Moore is and was considered disabled within the meaning of the ADA.

21. In the alternative, Kings Inn perceived Moore as being disabled.

22. In the alternative, the Kings Inn perceived that Moore's medical condition constituted a physical impairment.

23. In the alternative, Kings Inn perceived Moore's disability to substantially impair one or more of his major life activities, including working.

24. Despite this actual or perceived disabling condition, Moore was still able to perform the essential functions of his job.

3

25. Moore gave notice of his disability early in his employment and was given a reasonable accommodation for his cleaning duties, approved by general manager Nicky Williams and Kratock.

26. However, around late December 2020, Williams and Kratock started assigning Moore more rooms than before and started giving him work outside his restrictions.

27. Moore complained to Williams and Kratock about their failure to follow his accommodations, and that he felt he was doing supervisory level work without supervisory level pay, especially since Kings Inn did not allow overtime work.

28. This was a protected complaint of disability discrimination and a failure to accommodate.

29. In response, Kratock threatened to delay or not pay Moore's previous overtime hours.

30. Moore complained it would illegal if Kratock refused to pay him.

31. This was a protected complaint of wage retaliation.

32. Moore once again complained about the failure to follow his accommodations and how this was worsening his back condition.

33. This was another protected complaint of disability discrimination.

34. Kings Inn disregarded Moore's Discrimination Complaints and failed to take any action with respect to the failure to accommodate or threatened retaliation.

35. In or around January 2021, Kratock wrote up Moore.

36. Upon information and belief, Moore thought this write up was because of his previous romantic relationship with Kratock and an attempt to hide their relationship as it may have overlapped with Kratock's relationship with her then-current boyfriend.

37. Moore reported this write up as discriminatory based on his sex/gender and as sexual harassment.

4

38. This was a protected complaint of sex/gender discrimination and sexual harassment.

39. In or around March 2021, Moore started experiencing recurring spasms in his back and other medical problems.

40. Moore informed Williams and Kratock of his worsening back condition and requested that he return to his previous accommodations.

41. On or around March 9, 2021, Moore provided a doctor's note to encourage the engagement in the interactive process of finding reasonable accommodations and the return to his accommodations.

42. This was a protected request for reasonable accommodations.

43. On or about March 26, 2021, Moore's employment was terminated.

44. Moore was informed the reason for his termination was "creating a hostile working environment."

45. This termination was less than a month after Moore made his request for accommodations.

46. Kings Inn's purported reason for Moore's termination is pretext for disability discrimination.

47. Alternatively, Defendant did not proffer a legitimate non-discriminatory reason for terminating Moore.

48. As a result of being constantly harassed and insulted on the basis his disability during his employment at Kings Inn, and being wrongfully terminated from Kings Inn, Moore has suffered severe emotional distress, anxiety, and depression.

49. The above facts demonstrate that Defendant engaged in a pattern and practice of disability discrimination.

50. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

51. There was a causal connection between Moore's sex/gender and Defendant's termination of Moore.

52. There was a causal connection between Moore's Disability Discrimination Complaint and Defendant's termination of Moore.

53. As a result of Kings Inn's acts and omissions, Moore has suffered damages.

### COUNT I: GENDER DISCRIMINATION UNDER TITLE VII

54. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. Moore is a member of a statutorily protected class based on his gender under Title VII.

56. Kings Inn is a unique employer that discriminates against the majority.

57. Defendant treated Moore differently than other similarly situated employees based on his gender.

58. Defendant discriminated against Moore on the basis of his gender throughout his employment with the company.

59. Kratock treated Moore differently on the basis of a previous romantic relationship and wrote him up for it.

60. Defendant terminated Moore's employment without just cause.

61. Defendant terminated Moore's employment based on his gender.

62. Defendant's discrimination against Moore based on his gender violates Title VII.

63. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

64. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: GENDER DISCRIMINATION UNDER R.C. § 4112

65. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Moore is a member of a statutorily protected class based on his gender under R.C. § 4112 et seq.

67. Kings Inn is a unique employer that discriminates against the majority.

68. Defendant treated Moore differently than other similarly situated employees based on his gender.

69. Defendant discriminated against Moore on the basis of his gender throughout his employment with the company.

70. Kratock treated Moore differently on the basis of a previous romantic relationship and wrote him up for it.

71. Defendant terminated Moore's employment without just cause.

72. Defendant terminated Moore's employment based on his gender.

73. Defendant's discrimination against Moore based on his gender violates R.C. § 4112 et seq.

74. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

75. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: SEXUAL HARASSMENT UNDER TITLE VII

76. Moore restates each and every paragraph of this Complaint as though it were fully restated herein.

7

77. Moore was subjected to unwelcomed sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

78. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

79. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Moore reported the sexual harassment to his supervisor both verbally and in writing.

80. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

81. Kratock's sexual harassment of Moore occurred while he was acting in the course and scope of his employment as a houseman.

82. Kratock's supervisor, Williams, had knowledge of Kratock's sexual harassment and failed to take any corrective or remedial action.

83. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

84. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

### COUNT IV: SEXUAL HARASSMENT UNDER R.C. § 4112

85. Moore restates each and every paragraph of this Complaint as though it were fully restated herein.

86. Moore was subjected to unwelcomed sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

87. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of exposure of his previous romantic relationships and punishment for it.

88. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Moore reported the sexual harassment to his supervisor both verbally and in writing.

89. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112 et seq.

90. Kratock's sexual harassment of Moore occurred while he was acting in the course and scope of his employment as a houseman.

91. Kratock's supervisor, Williams, had knowledge of Kratock's sexual harassment and failed to take any corrective or remedial action.

92. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

93. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT V: HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX/GENDER DISCRIMINATION UNDER TITLE VII

94. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. During his employment with Kings Inn, Moore was subjected to offensive and harassing conduct by Kings Inn based on his disability and sex/gender.

96. Defendant knew or should have known of the harassing conduct against Moore by Kratock.

97. Defendant condoned, tolerated and ratified this harassing conduct.

98. This harassing conduct was severe and/or pervasive.

99. This harassing conduct was offensive to Moore.

100. This harassing conduct interfered with Moore's ability to perform his job duties.

101. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Moore.

102. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Moore.

103. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

104. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT VI: HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX/GENDER DISCRIMINATION UNDER R.C. § 4112

105. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. During his employment with Kings Inn, Moore was subjected to offensive and harassing conduct by Kings Inn based on his disability and sex/gender.

107. Defendant knew or should have known of the harassing conduct against Moore by Kratock.

108. Defendant condoned, tolerated and ratified this harassing conduct.

109. This harassing conduct was severe and/or pervasive.

110. This harassing conduct was offensive to Moore.

111. This harassing conduct interfered with Moore's ability to perform his job duties.

112. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Moore.

E-FILED 06/07/2022 04:55 PM / CONFIRMATION 1197921 / A 2202053 / COMMON PLEAS DIVISION / IFOJ

113. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Moore.

114. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

115. As a direct and proximate result of Defendant's conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT VII: DISABILITY DISCRIMINATION UNDER THE ADA

116. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

117. Moore suffers from a back injury.

118. Moore is disabled.

119. In the alternative, Kings Inn perceived Moore as being disabled.

120. Moore's condition constituted a physical impairment.

121. Moore's condition substantially impaired one or more of his major life activities including working.

122. Kings Inn perceived Moore's condition to substantially impair one or more of his major life activities including working.

123. Kings Inn treated Moore differently than other similarly-situated employees based on his disabling condition.

124. Kings Inn treated Moore differently than other similarly-situated employees based on his perceived disabling condition.

125. On or about March 26, 2021, Defendant terminated Moore's employment without just cause.

126. Defendant terminated Moore's employment based his disability.

127. Defendant terminated Moore's employment based his perceived disability.

128. Defendant violated the ADA when it discharged Moore based on his disability.

129. Defendant violated the ADA when it discharged Moore based on his perceived disability.

130. Kings Inn violated the ADA by discriminating against Moore based on his disabling condition.

131. Kings Inn violated the ADA by discriminating against Moore based on his perceived disabling condition.

132. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

133. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: DISABILITY DISCRIMINATION UNDER R.C. § 4112

134. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. Moore suffers from a back injury.

136. Moore is disabled.

137. In the alternative, Kings Inn perceived Moore as being disabled.

138. Moore's condition constituted a physical impairment.

139. Moore's condition substantially impaired one or more of his major life activities including working.

140. Kings Inn perceived Moore's condition to substantially impair one or more of his major life activities including working.

141. Kings Inn treated Moore differently than other similarly-situated employees based on his disabling condition.

142. Kings Inn treated Moore differently than other similarly-situated employees based on his perceived disabling condition.

143. On or about March 26, 2021, Defendant terminated Moore's employment without just cause.

144. Defendant terminated Moore's employment based his disability.

145. Defendant terminated Moore's employment based his perceived disability.

146. Defendant violated R.C. § 4112 et seq. when it discharged Moore based on his disability.

147. Defendant violated R.C. § 4112 et seq. when it discharged Moore based on his perceived disability.

148. Kings Inn violated R.C. § 4112 et seq. by discriminating against Moore based on his disabling condition.

149. Kings Inn violated R.C. § 4112 et seq. by discriminating against Moore based on his perceived disabling condition.

150. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

151. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IX: FAILURE TO ACCOMMODATE UNDER THE ADA

132. Moore informed Kings Inn of his disabling condition.

133. Moore requested accommodations from Kings Inn to assist with his disabilities including adjusting his cleaning duties.

134. Moore's requested accommodations were reasonable.

13

135. There was an accommodation available that would have been effective and would have not posed an undue hardship to Kings Inn.

136. Kings Inn approved the accommodations initially.

137. After a few months, however, Kings Inn stopped making the necessary accommodations.

138. Kings Inn failed to engage in the interactive process of determining whether Moore needed an accommodation when Moore requested his accommodations be made again.

139. Kings Inn failed to provide an accommodation.

140. Kings Inn violated the ADA.

141. As a direct and proximate result of King Inn's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT X: FAILURE TO ACCOMMODATE UNDER R.C. § 4112 et seq.

142. Moore informed Defendant of his disabling condition.

143. Moore requested accommodations from Defendant to assist with his disabilities including adjusting his cleaning duties.

144. Moore's requested accommodations were reasonable.

145. There was an accommodation available that would have been effective and would have not posed an undue hardship to Kings Inn.

146. Kings Inn approved the accommodations initially.

147. After a few months, however, Kings Inn stopped making the necessary accommodations.

148. Defendant failed to engage in the interactive process of determining whether Moore needed an accommodation when Moore requested his accommodations be made again.

149. Defendant failed to provide an accommodation.

E-FILED 06/07/2022 04:55 PM / CONFIRMATION 1197921 / A 2202053 / COMMON PLEAS DIVISION / IFOJ

150. Defendant violated R.C. § 4112 et seq. by failing to provide Moore a reasonable accommodation.

151. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

152. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT XI: RETALIATORY DISCRIMINATION

152. Moore restates each and every prior paragraph of this complaint, as if it were fully restated herein.

153. As a result of the Defendant's discriminatory conduct described above, Moore complained about the disability discrimination and sex/gender discrimination he was experiencing.

154. Subsequent to Moore's reporting of sexual harassment to his supervisor, Moore's employment was terminated.

155. Subsequent to Moore's reporting of disability discrimination to his supervisor, Moore's employment was terminated.

156. Subsequent to Moore's reporting of failure to accommodate to his supervisor, Moore's employment was terminated.

157. There was less than one month between the time Moore made his protected complaints and the termination of his employment.

158. The temporal proximity implies Moore was terminated in retaliation for his protected complaints.

159. Defendant's actions were retaliatory in nature based on Moore's opposition to the unlawful discriminatory conduct.

160. Pursuant to R.C. §4112 et seq., Title VII, and the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

161. Moore suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages.

162. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Moore, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Moore demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Moore's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Moore for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Moore's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Evan R. McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
Trial Attorney
Brianna R. Carden (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Demond Moore

E-FILED 06/07/2022 04:55 PM / CONFIRMATION 1197921 / A 2202053 / COMMON PLEAS DIVISION / IFOJ

## JURY DEMAND

Plaintiff Demond Moore demands a trial by jury by the maximum number of jurors permitted.

/s/ Evan R. McFarland
Evan R. McFarland (0096953)