**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

DEMOND MOORE,              )     Case No. 1:22-cv-00548-MRB
                            )
            Plaintiff,     )     JUDGE MICHAEL R. BARRETT
v.                     )
                            )
NEXT GENERATION HOSPITALITY  )
LLC.,                     )
                            )
            Defendant.   )

---

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Demond Moore hereby submits his objections and responses to Defendant Next Generation Hospitality, LLC ("NGH" or "Company" or "Defendant") First Set of Interrogatories and Requests for Production of Documents (collectively, "Discovery Requests").

<u>**PLAINTIFF'S GENERAL OBJECTIONS TO INTERROGATORIES**</u>

**Plaintiff objects to Defendant's Discovery Requests to the extent they seek information that is protected by the attorney-client privilege.**

**Plaintiff objects to the Discovery Requests to the extent they seek information that is protected by the work-product privilege.**

**Plaintiff objects to the Discovery Requests to the extent they seek information that is protected by the doctor-patient privilege.**

**Plaintiff objects to the Discovery Requests to the extent they seek to discover materials that have been prepared in anticipation of litigation.**

EXHIBIT

M

Plaintiff objects to the Discovery Requests to the extent they seek information that is neither relevant, reasonably calculated to lead to the discovery of relevant information, nor proportional to the needs of the case.

Plaintiff objects to the Discovery Requests to the extent they are vague, ambiguous, and confusing.

Plaintiff objects to the Discovery Requests to the extent they call for speculation.

Plaintiff objects to the Discovery Requests to the extent they are overly broad, oppressive, annoying, and impose undue burden and expense.

Plaintiff objects to the Discovery Requests to the extent they call for narrative responses.

Without waiving the foregoing objections, and expressly reserving any other objections that may be applicable to the Discovery Requests, in the interest of furthering the discovery process, Plaintiff submits the following responses to Defendant's Discovery Requests.

## **INTERROGATORIES**

1.      Identify every document you reasonably anticipate introducing as an exhibit at

trial or in support of or in opposition to a motion for summary judgment.

**ANSWER: Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp*. (1971) 27 Ohio Misc. 76, 271 NE 2d 877, and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper." *Penn Cent*., 27 Ohio Misc. at 79.  Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Please refer to Plaintiff's Production of Documents. Further answering, Plaintiff does not currently know what documents he will be introducing as exhibits at trial or in support of or in opposition to a motion for summary judgment.**

2.      Identify every person you reasonably anticipate calling as a witness at trial or who

you anticipate will be submitting an affidavit in support of or in opposition to a motion for

summary judgment.  For each person identified in response to this Interrogatory, describe the

person's anticipated testimony.

**ANSWER: Without waiving the foregoing objections, the following is provided in the interest of furthering the discovery process: Please refer to Interrogatory No. 4**

3.      Identify every expert you reasonably anticipate calling as a witness at trial or who

you anticipate will be submitting an affidavit in support of or in opposition to a motion for

summary judgment.  For each person identified in response to this Interrogatory, summarize the

expert witness's testimony, findings, analysis, conclusions, or opinion, and provide a summary of

the expert's qualifications.

**ANSWER: Objection. The foregoing Interrogatory seeks information that is protected by the attorney-client, work-product, and/or doctor-patient privileges. Further objecting, Plaintiff objects to the extent it seeks to discover materials that have been prepared in anticipation of litigation.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Plaintiff has not retained any expert witness to testify at trial or submit an affidavit in this case. Plaintiff reserves the right to retain and identify any expert witnesses in accordance with the Ohio Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order. Further answering, Plaintiff might retain the following experts:**

> **Donald Jay Weinstein, Ph.D.**
> **Weinstein & Associates**
> **Landmark Centre**
> **25700 Science Park Drive, Suite 200**
> **Beachwood, Ohio 44122**
> **800.342.6111**
> **May testify to Plaintiff's emotional distress and the damages therefrom.**

**Further answering, please refer to Plaintiff's production of documents for Dr. Weinstein's CV.**

4.  Identify all persons with knowledge of the events described in the Amended

Complaint and describe in detail the knowledge of each person.

**ANSWER: Without waiving the foregoing objections, the following is provided in the interest of furthering the discovery process: The following individuals have knowledge of the events described in the Amended Complaint.**

> **Gerri LNU**
> **Last Known Address: Unknown**
> **Last Known Employer: Kings Inn and Suites**
> **Plaintiff believes Gerri LNU has knowledge of the disability and gender discrimination, Plaintiff's overwork, Defendant's unjustified writeups of Plaintiff.**

> **Nicky Williams**
> **Last Known Address: Unknown**
> **Last Known Employer: Kings Inn and Suites**
> **Plaintiff believes Nicky Williams has general knowledge of the complaint.**

**Wanda Kratock**
**Last Known Address: Unknown**
**Last Known Employer: Kings Inn and Suites**
**Plaintiff believes Wanda Kratock has general knowledge of the complaint.**

**Chris LNU**
**Last Known Address: Unknown**
**Last Known Employer: Kings Inn and Suites**
**Plaintiff believes Chris LNU has knowledge of Plaintiff's overwork and Defendant's unjustified writeups of Plaintiff.**

5.      Identify all persons with knowledge of any and all damages you have suffered as a result of the events described in the Amended Complaint and describe in detail the knowledge of each person.

**ANSWER: Without waiving the foregoing objections, the following is provided in the interest of furthering the discovery process: Please refer to Interrogatory No. 4**

6.      Describe any mental anguish, emotional distress, or other similar or related conditions you suffered from as a result of the actions of the Defendant described in the Amended Complaint. In answering this interrogatory, describe each such condition, the dates during which you suffered from it, and identify any and all hospitals, medical providers, mental health care providers, therapists, counselors, or others from whom you have received treatment of any type.

**ANSWER: Objection. The foregoing Interrogatory seeks information that is protected by the attorney-client, work-product, and/or doctor-patient privileges. Further objecting, Plaintiff objects to the extent it seeks to discover materials that have been prepared in anticipation of litigation.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Plaintiff has suffered severe emotional distress, anxiety, and mental anguish since the termination of his employment on or about March 26, 2021. These conditions were exacerbated by his lack of employment and inability to obtain money following the termination of his employment. Plaintiff has not sought any treatment for these conditions.**

7.      Describe any mental anguish, emotional distress, or other similar or related conditions you suffered from prior to the events described in the Amended Complaint. In

5

answering this interrogatory, describe each such condition, the dates during which you suffered

from it, and identify any and all hospitals, medical providers, mental health care providers,

therapists, counselors, or others from whom you have received treatment of any type.

**ANSWER:** **Objection. The foregoing Interrogatory seeks information that is protected by the attorney-client, work-product, and/or doctor-patient privileges. Further objecting, Plaintiff objects to the extent it seeks to discover materials that have been prepared in anticipation of litigation.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Plaintiff has suffered from the following conditions prior to the events described in the Amended Complaint:**

**Back Injury**
**Dates: March 2017 – Present**
**Treatment Providers: Plaintiff is unable to recall the treatment provider for his surgical treatment. Plaintiff also saw Marquetta Colbert, Cincinnati Healing Arts, and Shaffer Chiropractic for treatment.**
**Description: Plaintiff suffered from a back injury that required surgical treatment and continued rehabilitation.**

**Scoliosis**
**Dates: Plaintiff cannot recall exact dates, but he has suffered from scoliosis since adolescence.**
**Treatment Providers: Marquetta Colbert, Cincinnati Healing Arts, Shaffer Chiropractic**
**Description: Plaintiff suffers from moderate to severe scoliosis, and has difficulty with movement and walking as a result.**

**Rheumatoid Arthritis**
**Dates: Plaintiff cannot recall exact dates, but he has suffered from rheumatoid arthritis since adolescence.**
**Treatment Providers: Marquetta Colbert, Cincinnati Healing Arts, Shaffer Chiropractic**
**Description: Plaintiff suffers from daily pain, hand swelling, and difficulties with movement and walking.**

8.     Identify the names and addresses of all hospitals, medical providers, mental health

care providers, therapists, counselors, or others from whom you have received any treatment for

the back injury described in the Amended Complaint and describe in detail the treatment provided.

**ANSWER: Objection. The foregoing Interrogatory seeks information that is protected by the attorney-client, work-product, and/or doctor-patient privileges. Further objecting, Plaintiff objects to the extent it seeks to discover materials that have been prepared in anticipation of litigation.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Plaintiff has received treatment from the following individuals:**

> **Marquetta Colbert, M.S., NP-C, RN**
> **Address: 111 Turner Rd., Dayton, Ohio 45415**
> **Description: Plaintiff has sought general treatment from Marquetta Colbert as his primary care provider.**
>
> **Cincinnati Healing Arts**
> **Address: 3559 Reading Rd. #103, Cincinnati, OH 45229**
> **Description: Plaintiff has received shock treatment and spinal manipulation from this medical provider.**
>
> **Shaffer Chiropractic**
> **Address: 1038 Kauffman Ave., Fairborn, OH 45324**
> **Description: Plaintiff has received shock treatment and spinal manipulation from this medical provider.**

9.     Identify the names and addresses of all hospitals, medical providers, mental health care providers, therapists, counselors, or others from whom you have received any treatment from October 1, 2015 to the present and describe in detail the treatment provided.

**ANSWER: Objection. The foregoing Interrogatory seeks information that is protected by the attorney-client, work-product, and/or doctor-patient privileges. Further objecting, Plaintiff objects to the extent it seeks to discover materials that have been prepared in anticipation of litigation.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Please refer to Interrogatory No. 8.**

10.     Describe in detail the romantic relationship described in ¶ 18 of the Amended Complaint including: the date the relationship started and ended and the frequency of nature of the interaction between the parties.

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Plaintiff was in a casual romantic relationship with**

**Wanda Kratock from 2018 until 2020, prior to his employment with Defendant. Plaintiff and Kratock did not meet up frequently, and only saw each other once or twice a week.**

11.     State the basis for your claim in ¶¶ 19-23 of the Amended Complaint that you are

disabled or suffer from a physical impairment.  In answering this interrogatory identify each and

every document (and, where pertinent, the section, article, or subparagraph thereof), which forms

any part of the source of the your information regarding the alleged facts or legal conclusions;

identify each and every communication which forms any part of the source of your information

regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the

part of any person (identifying the acts or omissions to act by stating their nature, time, and place

and identifying the persons involved) which form any part of your information regarding the

alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of

your information regarding the alleged facts or conclusions.

**<u>ANSWER:</u> Objection. The foregoing Interrogatory seeks information that is protected by the attorney-client, work-product, and/or doctor-patient privileges. Further objecting, Plaintiff objects to the extent it seeks to discover materials that have been prepared in anticipation of litigation.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process: Plaintiff suffered from a back injury in 2017 that left him with limited movement and ability to walk. Plaintiff's back injury required surgical intervention. Additionally, Plaintiff suffers from rheumatoid arthritis and scoliosis, both of which contribute to Plaintiff's daily pain and difficulties with movement.**

**Further answering, Plaintiff worked with general manager Nicky Williams prior to his employment with Defendant, and gave notice of his disability to her. Additionally, Plaintiff wrote the details of his disabilities on his application to work for Defendant, constituting notice of his disabilities.**

12.    State the basis for the claim in ¶¶ 27-32 of the Amended Complaint that you complained about a failure to provide accommodations and other unlawful actions.  In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER**:  **Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper." *Penn Cent.*, 27 Ohio Misc. at 79.  Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: During his employment with Defendant, Plaintiff worked with Nicky Williams and supervisor Wanda Kratock to obtain reasonable accommodations regarding his workload. These accommodations were approved, and Plaintiff was able to continue his work with no issue.**

**Further answering, in December 2020, both Williams and Kratock overrode these accommodations and began assigning more work for Plaintiff, including supervisory and janitorial duties. This increase in workload caused Plaintiff's back injuries to worsen. Plaintiff inquired with Williams about an increase in compensation to match the supervisory level work that he had done. Williams initially promised Plaintiff that he would be**

compensated appropriately. **However, Defendant refused to compensate Plaintiff for his increased workload. Plaintiff complained about this lack of appropriate compensation to Williams, constituting a protected complaint. However, nothing came of this complaint.**

**Further answering, Kratock threatened to delay or never pay Plaintiff's previous overtime wages. Plaintiff complained that this action was illegal, constituting another protected complaint of wage retaliation.**

**Further answering, Plaintiff additionally complained about the increase in his workload and removal of his previous accommodations. Plaintiff informed Defendant that his increased work was worsening his back. This constituted another protected complaint.**

13. State the basis for the claim in ¶¶ 37, 79 of the Amended Complaint that you complained about sexual harassment. In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER: Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper." *Penn Cent.*, 27 Ohio Misc. at 79. Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Nicky Williams had Wanda Kratock write up Plaintiff for not completing all of his tasks. This was despite the fact that Plaintiff did complete his work, even though he had an increased workload due to the removal of his accommodations.**

**Further answering, Plaintiff believed this writeup was motivated by Plaintiff's refusal to talk to Williams his former relationship with Kratock whenever the subject was brought up. Williams consistently brought up this former relationship and attempted to make it into a problem for Kratock and Plaintiff as coworkers. Plaintiff thought this was inappropriate, as he had ended relationship with Kratock prior to his employment with Defendant. Additionally, Plaintiff believed it was unfair disparate treatment that Williams used this former relationship against Plaintiff and used it as the basis of a writeup, but did not treat Kratock in a similar manner.**

14.     State the basis for the claim in ¶ 46 of the Amended Complaint that your termination was pretext for disability discrimination. In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER:  Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper."  *Penn Cent.*, 27 Ohio Misc.**

**at 79. Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Plaintiff made multiple complaints about the removal of his accommodations and increased workload. Due to the removal of his accommodations, Plaintiff was suffering from an increase in pain due to his disabilities. Despite his multiple complaints, Defendant did not take any action to address the removal of Plaintiff's accommodations.**

**Further answering, in March 2021, Plaintiff's back pain had severely worsened. Plaintiff provided a doctor's note to defendant in an attempt to re-engage in the interactive process of finding a reasonable accommodation. Less than one month later, Defendant terminated Plaintiff's employment for pretextual reasons.**

15.    State the basis for the claim in ¶¶ 48 of the Amended Complaint that you were "constantly harassed and insulted on the basis his disability during [your] employment at Kings Inn." In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER: Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper."** *Penn Cent.*, 27 Ohio Misc. at 79. **Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Nicky Williams was given notice of Plaintiff's disability through her previous employment with Plaintiff, as well as Plaintiff's application to work with Defendant. Although Defendant initially granted Plaintiff's reasonable accommodations, Williams and Wanda Kratock ceased following those accommodations.**

**Further answering, Williams assigned Plaintiff additional work than was required by his job description, in violation of his accommodations. This overwork caused Plaintiff to suffer further pain due to his disabilities. Williams complained about Plaintiff not completing his work due to his disabilities, despite this not being true. Williams also sent Plaintiff home early on occasion due to his disabilities and overwork, reducing his hours. Williams did not treat other employees in such a manner.**

16.     State the basis for the claim in ¶¶ 58, 69 of the Amended Complaint that you were treated differently than other similarly situated employees based on your gender and that Defendant discriminated against you "on the basis of his gender throughout [your] employment with the company."  In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER:  Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper." *Penn Cent.*, 27 Ohio Misc. at 79.  Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.**

**Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Nicky Williams followed Plaintiff around most days and would make disparaging comments about his inability to do work.**

**Further answering, Williams would comment on Plaintiff's former relationship with Wanda Kratock and its effects on his ability to work. Williams did not make these comments to Kratock, or make disparaging comments about her ability to work.**

17.    State the basis for the claim in ¶ 141 of the Amended Complaint that you were treated differently than other similarly situated employees based on your disability  In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER:  Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine**

14

by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.

Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and answer at trials as contemplated by the Rules and is improper." *Penn Cent.*, 27 Ohio Misc. at 79. Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.

Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Please refer to Interrogatory No. 15.

18.     State the basis for the claim in ¶ 77 of the Amended Complaint that you were subjected to "exposure of [your] previous romantic relationships and punishment for it." In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER**: Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.

Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and

answer at trials as contemplated by the Rules and is improper." *Penn Cent.*, 27 Ohio Misc. at 79. Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.

Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: In January 2021, Nicky Williams had Wanda Kratock write Plaintiff up. Plaintiff reported this write-up as discriminatory, as Williams had attempted to make issues of Plaintiff's former relationship with Kratock and ability to work. Plaintiff asked Williams why Kratock was involved in this write-up. Plaintiff also complained of the disparate treatment following the exposure of his former relationship with Kratock, as he was punished with a write-up and cut hours. By contrast, Kratock received no punishment for this relationship.

Further answering, please refer to Interrogatory No. 16

19.    State the basis for the claim in ¶143 of the Amended Complaint that you were terminated without just cause. In answering this interrogatory identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the your information regarding the alleged facts or legal conclusions; identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions; state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions; and (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions.

**ANSWER:  Objection. This Interrogatory requires an extensive "white paper" response in violation of *Penn Central Transportation Co. v. Armco Steel Corp.* (1971) 27 Ohio Misc. 76, 271 NE 2d 877 and invades the attorney-client privilege and attorney work product doctrine by requiring Plaintiff and his attorney to determine everything relevant to the allegations of Plaintiff's Complaint. *See also Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, unreported.**

**Further objecting, this Interrogatory "requires no categorical response, leaves everything to the discretion of the party so directed, bears no relationship to the simple question and**

16

answer at trials as contemplated by the Rules and is improper." ***Penn Cent.***, 27 Ohio Misc. at 79. Civil Rule 33 does not require extended narrative responses to Interrogatories, especially when Defendants can obtain the information during deposition testimony from Plaintiff or from other persons Plaintiff has identified in his responses to Defendant's Discovery Requests.

Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Plaintiff was informed that Defendant had terminated his employment for creating a hostile work environment. Nicky Williams specifically informed Plaintiff that his termination was due to his inability to follow her orders and additional workload. However, Plaintiff had completed the work that Williams had assigned to him, despite this additional work being in violation of his reasonable accommodation.

20. Identify any and all of Defendant's policies that you violated from during your employment, regardless of whether you were disciplined for this violation. In answering this interrogatory, describe in detail the conduct that violated the policy and identify all persons with knowledge of the violation.

<u>ANSWER</u>: Without waiving the foregoing objections, the following response is provided in the interest of furthering the discovery process and in good faith: Plaintiff violated Defendant's attendance policy once due to a car accident that delayed his arrival to work. However, Plaintiff still came in to work that day. Plaintiff believes Nicky Williams and Wanda Kratock would have knowledge of this violation.

## DOCUMENT REQUESTS

1.      Every document you reasonably anticipate introducing as an exhibit at trial or in support of or in opposition to a motion for summary judgment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has produced all documents in his possession, custody, or control, if any, responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

2.      Every document relied upon or reviewed by any expert you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has produced all documents in his possession, custody, or control, if any, responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

3.      Every document identified in response to Defendant's First Set of Interrogatories.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

4.      Every document concerning the investigation or adjudication of the claims described in the Amended Complaint.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

5.      Every document concerning any of the allegations of the Amended Complaint.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his**

possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.

      6.      Every document concerning communications between you and Defendant from

October 1, 2015 to the present.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

      7.      Every document concerning communications between you and any employee or

representative of Defendant concerning the termination of your employment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

      8.      Every document concerning communications between you and any employee or

representative of Bellarmine University concerning your relationship with Wanda Kratock.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

      9.      Every document concerning communications between you and any other person

concerning your relationship with Wanda Kratock or the allegations described in the Amended

Complaint.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

10. Every document concerning communications between you and Wanda Kratock.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

11. Every social media post authored by you concerning Wanda Kratock.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

12. Every social media post authored by you concerning Defendant.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

13. Every document concerning communications between you and any potential

employer concerning the reasons for the termination of your employment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

14. Every document concerning damages you have suffered as a result of the conduct

by Defendant described in the Amended Complaint.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

15.     Every document concerning the method by which you calculate the amount of damages which you claim to be entitled to in this litigation.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

16.     Every document concerning treatment for the mental issues described in the Complaint including, but not limited to, any records maintained by any hospitals, medical providers, mental health care providers, therapists, counselors, or others from whom you have received any treatment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

17.     Every document concerning any other mental anguish, emotional distress, or other similar or related conditions you suffered from before the actions of the Defendant described in the Amended Complaint including, but not limited to, any records maintained by any hospitals, medical providers, mental health care providers, therapists, counselors, or others from whom you have received any treatment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

18.     Every document concerning treatment for the back issues described in the Complaint including, but not limited to, any records maintained by any hospitals, medical

providers, health care providers, therapists, counselors, or others from whom you have received

any treatment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

19.     Every document concerning any other back issues, or other similar or related

conditions you suffered from before the actions of the Defendant described in the Amended

Complaint including, but not limited to, any records maintained by any hospitals, medical

providers, health care providers, therapists, counselors, or others from whom you have received

any treatment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

20.     Every document concerning any treatment provided to you by any hospitals,

medical providers, mental health care providers, therapists, counselors, or others from October 1,

2015 to the present.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

21.     Every document concerning the romantic relationship described in ¶ 18 of the

Amended Complaint.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the**

Court's Scheduling Order.

22.    Every document concerning your claim in ¶¶ 19-23 of the Amended Complaint that

you are disabled or suffer from a physical impairment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

23.    Every document concerning the claim in ¶¶ 27-32 of the Amended Complaint that

you complained about a failure to provide accommodations and other unlawful actions.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

24.    Every document concerning the claim in ¶¶ 37, 79 of the Amended Complaint that

you complained about sexual harassment.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

25.    Every document concerning the claim in ¶ 46 of the Amended Complaint that your

termination was pretext for disability discrimination.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

26.     Every document concerning the claim in ¶¶ 48 of the Amended Complaint that you were "constantly harassed and insulted on the basis his disability during [your] employment at Kings Inn."

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

27.     Every document concerning the claim in ¶¶ 58, 69 of the Amended Complaint that you were treated differently than other similarly situated employees based on your gender and that Defendant discriminated against you "on the basis of his gender throughout [your] employment with the company."

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

28.     Every document concerning the claim in ¶ 141 of the Amended Complaint that you were treated differently than other similarly situated employees based on your disability.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

29.     Every document concerning the claim in ¶ 77 of the Amended Complaint that you were subjected to "exposure of [your] previous romantic relationships and punishment for it."

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

30. Every document concerning the claim in ¶143 of the Amended Complaint that you were terminated without just cause.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

31. Every document concerning Defendant's policies and procedures.

**ANSWER: Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to this Request, Plaintiff has no documents in his possession, custody, or control responsive to this Request. Plaintiff will supplement in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Scheduling Order.**

Respectfully Submitted,

*/s/ Matthew G. Bruce*
Matthew G. Bruce (0083769)
        Trial Attorney
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com

*Attorneys for Plaintiff Demond Moore*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 6, 2023, a copy of the foregoing was served via electronic

mail to the following individual.

Joshua A. Engel, Esq.
ENGEL AND MARTIN LLC
4660 Duke Dr., Ste. 101
Mason, OH 45040
Emails: engel@engelandmartin.com

*Attorneys for Defendant*

/s/ Matthew G. Bruce
Matthew G. Bruce (0083769)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

26