IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEMOND MOORE, | Case No.   1:22-cv-00548-MRB |
| Plaintiff, | JUDGE:  BARRETT |
| v. | REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT |
| NEXT GENERATION HOSPITALITY LLC. | |
| Defendant | |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Next Generation Hospitality, LLC, d/b/a Kings Inn & Suites ("NGH"), respectfully submits the following Reply to the Response to Defendant's Motion for Summary Judgment. (Doc#11, Doc#13.)

**ARGUMENT**

Defendant generally refers the Court to Defendant's original Memorandum.  Defendant submits this Reply to address some limited distinct issues.  Specifically,

Regardless of whether this Court applies the "direct" or indirect" test, Plaintiff is still unable to satisfy the essential elements of his disability claim.  Plaintiff's claim fails because he was not, in fact, disabled.  And, even if he would be considered disabled, Plaintiff was fired because he was late to work, rude to customers, and insubordinate.  Defendant provided an accommodation when requested and the lack of further accommodations is not what resulted in Plaintiff's termination. Plaintiff argues that he could have substantially performed his job, but for Defendant's failure to make adequate accommodations.  The record shows, however, that any failure to accommodate had little bearing on the deficiencies in Plaintiff's job performance that resulted in his termination.

1

**ARGUMENT**

**1.     Defendant Moved For Summary Judgment On The Disability Retaliation Claim**

Defendant requested summary judgment on all counts. Motion at PageID#265. Plaintiff's argument that Defendant did not address the retaliation claim is not well taken. Pl. Memo. at PageID#288. Plaintiff makes no effort to set forth a *prima facie* case that he was fired for a retaliatory reason. He never reported unfair treatment related to his alleged disability to a supervisor. (Pl. Depo., Doc#10-1, PageID#163.) And, even if he could, Defendant had numerous non-discriminatory reasons to terminate Plaintiff. (*See e.g.* Kaur Depo., Doc#10-2, PageID#193.)

Plaintiff acknowledges that Defendant argued that "this Court should analyze… retaliation claim[s] under the *McDonnell Douglas* burden-shifting framework." Def. Memo. at PageID#288, *citing inter alia McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 394 (6th Cir. 2017); *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). Moreover, the analysis under this test, found on PageID#254 of Plaintiff's Memorandum, applies to the disability retaliation claim:

**2.     The Court Should Disregard The Craddock Affidavit.**

This Court should disregard the Craddock Affidavit submitted by Plaintiff (Doc#13-1.) for two reasons.

First, this Affidavit was initially provided months after discovery closed and Plaintiff's counsel indicated that the affiant's deposition would be unnecessary. The discovery deadline in this case was July 31, 2023. (Doc#6.) The Affidavit was executed on November 6, 2023. That, alone, is grounds for the Court to disregard the Affidavit. But there is an additional element of unfairness, as the Affidavit was provided months after counsel had indicated in a May 2023 email that Plaintiff would

decline to take the affiant's deposition.[1] *See McKellar v. State Farm Fire & Cas. Co.*, E.D.Mich. No. 14-cv-13730, 2016 U.S. Dist. LEXIS 8613, at *21 (Jan. 26, 2016) (excluding affidavit disclosed after discovery had closed); *Bumpas v. Ryan*, M.D. Tenn. No. 07-cv-0766, 2013 U.S. Dist. LEXIS 77507 (M.D. Tenn. June 3 2013) ("It is unreasonable to rely on affidavit 'evidence' from an individual who has made himself unavailable for discovery…").

Second, the Affidavit contains no details, only vague conclusory statements such as claiming that Plaintiff had a "medical condition" without describing the exact condition or how this "condition" impacted his ability to do his job. (Affidavit, Doc#13-1, PageID#299.) Conclusory and "vague statements cannot overcome a motion for summary judgment." Greenberg v. Hill, S.D.Ohio No. 2:07-CV-1076, 2009 U.S. Dist. LEXIS 28027, at *12-13 (Mar. 31, 2009), *citing Stalbosky v. Belew*, 205 F.3d 890, 895 (6th Cir. 2000). A party "still need[s] specific supporting facts to forestall summary judgment." *Salens v. Tubbs*, 292 F.App'x 438, 443-444 (6th Cir. 2008). *See also Emmons v. McLaughlin*, 874 F.2d 351, 354-55 (6th Cir. 1989) (finding that vague and conclusory allegations in an affidavit were insufficient to withstand summary judgment).

3.  **Plaintiff Misconstrues The Applicability Of The "Direct" Test**

Plaintiff argues for the application of the "direct" test for discrimination instead of the *McDonnell Douglas* framework. *See* Def. Memo. at PageID#289. Plaintiff relies on *Hostettler v. College*

---

[1] The email is set forth here:

> On May 18, 2023, at 3:39 PM, Brittany Boehm <Brittany@spitzlawfirm.com> wrote:
>
> Hi Joshua,
>
> Unfortunately, Matt will be out of town on the dates we selected for the witnesses. Can we schedule Gaganpreet Kaur for either July 5th, 6th, or 7th? I can see if our client is available one of the other days and then subpoena Vela Williams for the same date as Gaganpreet Kaur. We wont need to take Rhonda Craddock's deposition at this time. Let me know if that works, thanks!
>
> All the best,
>
> Brittany Boehm
> **Case Manager**

3

*of Wooster*, 895 F.3d 844, 853 (6th Cir. 2018). In this case, the indirect test is more appropriate because Defendant had a legitimate reason for Plaintiff's termination unrelated to any alleged disability. The Sixth Circuit explained that the direct test should be used only where an employee is "fired solely because the [employer] determined that it no longer could accommodate" a disability. *See also Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016) (noting that *McDonnell Douglas* test is unnecessary where an employer acknowledges that it relied upon the plaintiff's disability in making its employment decision). The facts of *Hostettler* illustrate this. The plaintiff in *Hostettler* was a terminated university employee who asserted a failure to accommodate claim. The Sixth Circuit denied summary judgment to the college on the basis that the plaintiff presented evidence creating a genuine dispute of fact that she could perform the essential functions of her job with a modified work schedule as a reasonable accommodation for her disability. Notably, the court applied a direct test not because the accommodation had been rescinded, but because the employer admitted that there was "no other reason" that the employee had been terminated. *Id.* at 855-57.

Plaintiff's argument that the direct test applies because an accommodation was "rescinded" is not supported by the record. Pl. Memo. at PageID#289. The only accommodation Plaintiff received was five days on light duty after, on March 13, 2021, he presented a note from a chiropractor. The record shows that Defendant relied upon factors unrelated the plaintiff's alleged disability in making its employment decision prior to this accommodation and that his poor job performance was completely unrelated to his claimed disability. On February 8, 2021 – more than month before Plaintiff provided his "note" to Defendant -- the record shows that Plaintiff's supervisor was complaining that Plaintiff "disregarded every task that was given…" and was "rude and disrespectful." (Email, Doc#10-3, PageID#207; Memo., Doc#10-4, PageID#208.). Plaintiff was subsequently described as insubordinate and received, on February 16, 2021, a written warning after he showed up

late for work. (Statement, Doc#10-5, PageID#209; Disciplinary Action Form, Doc#10-6, PageID#211.) Plaintiff was given a "Second Warning" just three days before he presented the note from the chiropractor for, *inter alia,* becoming combative." (Employee Write Up, Doc#10-7, PageID#212-231.)

Regardless, even applying the direct evidence test, Plaintiff loses. This Court recently explained: "employees that can prove their employer failed to accommodate them, *and that the employee's inadequacies that led to their termination would have been prevented if the employer had accommodated the employee*, have proven disability discrimination by direct evidence." *Wilson v. Ohio Dept. of Mental Health & Addiction Servs.*, S.D.Ohio No. 2:20-cv-6184, 2023 U.S. Dist. LEXIS 211207, at *30 (Nov. 28, 2023) (emphasis supplied). Plaintiff cannot satisfy this test because he has presented zero evidence that the failure to accommodate led to his termination. Plaintiff claims that he could not change bedding or perform other tasks "due to his back condition." Pl. Memo. at PageID#285. However, that is not what led to his termination. Defendant has presented a substantial amount of evidence that Plaintiff was terminated because he "was just a bad employee" – he was "disruptive," "disobedient," and "did not listen." (Kaur Depo., Doc#10-2, PageID#176, 193.) None of this is seriously contested by Plaintiff.[2] And, more to the point, none of this is a result of a failure to accommodate any disability.[3]

---

[2] *See* Pl. Memo. at PageID#295-297. Plaintiff devotes two pages to describing the legal standard. In the sole paragraph discussing the facts of *this* case, Plaintiff never denies any of the reasons given for his termination, such as denying that he came into work late or was insubordinate.

[3] Put another way, in the language of the test described in *Hostetter,* Plaintiff cannot show that he was otherwise qualified for the job despite his disabilities. In order to be qualified for his position, Plaintiff would have to demonstrate that, apart from his disability, he was meeting Defendant's legitimate expectations and was performing to its satisfaction. In *Brenneman v. MedCentral Health System*, 366 F.3d 412 (6th Cir. 2004), for example, the Sixth Circuit explained that an employee's excessive absences unrelated to his disability "rendered him unqualified for that position."

**4.     Plaintiff Is Unable To Show That He Was Disabled**

Plaintiff does not contest that not every impairment, illness or injury will constitute a disability; nor does Plaintiff direct this Court to any medical proof that his alleged medical conditions substantially limited a major life activity. The record, as a result, fails as a matter of law to support Plaintiff's claim of a medical condition that substantially limits one or more of his major life activities. Even when weighed against the more expansive ADAAA definition of a "disability" described by Plaintiff, Plaintiff still relies almost exclusively on his own deposition testimony to establish that his medical condition qualifies as a "disability." *See* Pl. Memo. at PageID#290-292. Nothing in the record reflects the diagnosis of a medical professional that Plaintiff's health conditions limits a major life activity. While the ADAAA expanded the definition of a "disability," and while medical evidence is not always required to meet this more lenient standard, claims of an ascertainable medical condition and limitations attributable to this impairment sometimes cannot be established solely through a plaintiff's own testimony, but instead must be supported through the diagnosis and opinions of medical professionals. *Cadwell v. Henry Ford Health Sys.*, E.D.Mich. No. 14-13887, 2016 U.S. Dist. LEXIS 130945, at *26 n.7 (Sep. 26, 2016) (citations omitted).

While Plaintiff may rely on his own statements insofar as they describe his symptoms, such as pain, the statements are inadmissible, however, insofar as they diagnose his condition as "scoliosis" or state how that condition causes limitations on major life activities. In a decision that post-dates the ADAAA and its more expansive rules of construction, the Sixth Circuit held that a plaintiff's "bare assertions" regarding a health condition or concern, "without any supporting medical evidence, cannot establish a 'physical or mental impairment' within the meaning of the ADA." *Neely v. Benchmark Family*

6

*Services*, 640 F. App'x 429, 433 (6th Cir. Jan. 26, 2016).[4] This Court has observed that, while the use of expert testimony to establish disability is not required, a "plaintiff still carries the evidentiary burden to show his disability." *Ball v. Upshift Work LLC*, S.D.Ohio No. 1:19-cv-691, 2020 U.S. Dist. LEXIS 149417, at *10-12 (Aug. 17, 2020). In *Ball*, for example, this Court found that a plaintiff could not defeat a summary judgment motion where there was "no medical evidence regarding plaintiff's disabilities," a plaintiff could not rely solely on a self-description of his condition supported by lay witnesses.[5]

Plaintiff directs this Court to the "light duty authorization" to support his claim that "his condition limits his ability to lift items and bend over."[6] Def. Memo. at PageID#290. This document is insufficient to meet Plaintiff's burden to establish a disability. Under the ADA, a plaintiff must show a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). This document contains no diagnosis, much less any medical findings that would substantiate or support any such diagnosis. Courts in this Circuit have observed, "Merely being under

---

[4] In *Neely*, the court observed that the ADAAA relaxed the standard for "substantial limitation," however, the court went on to state that "a lesser burden is a burden nonetheless." 640 F.App'x at 434-35. The court said that "[w]hile a diagnosis might not be absolutely necessary [to establish a record of impairment], in this situation, some diagnosis must explain the duration or severity of the impairment." *Id.* at 435. The court held that the plaintiff's "self-described symptoms to his physicians, without corroborating medical evidence or any diagnosis are insufficient to establish a substantial limitation on a major life activity." *Id.*

[5] *Compare Lucio v. Poula Invest., LLC*, E.D.Mich. No. 22-11031, 2023 U.S. Dist. LEXIS 52870, at *16-17 (Mar. 28, 2023) (claim of disability for back pain adequately supported by presenting medical records showing plaintiff "has had multiple surgeries and suffers from ongoing back pain").

[6] Plaintiff cites only one case finding that scoliosis may be considered a disability under the ADA. Pl. Memo. at 8, *citing Alleva v. Crown Linen Serv.*, D.Conn. No. 3:14-CV-1971, 2016 U.S. Dist. LEXIS 121277 (Sep. 8, 2016). In that case, the plaintiff had a much more serious condition than the Plaintiff here. The plaintiff in *Alleva* alleged that he had "a physical impairment: a metal rod in his back to correct distorted curvature of his spine due to scoliosis…" 2016 U.S. Dist. LEXIS 121277, at *11-12. Defendant refers the Court to the cases cited in Pl. Memo. at PageID#257-258 – these cases all were decided after the ADAAA.

7

the care of a doctor for a medical problem is not in and of itself sufficient to show a disability." *Parker v. Magna Seating*, M.D.Tenn. No. 1:20-00003, 2021 U.S. Dist. LEXIS 99420, at *16 (May 14, 2021). Instead, this document records merely identifies a problem that evidently led Plaintiff to visit a chiropractor one time, with no indication that these health concerns were confirmed (or even investigated) through examination or medical tests. This bare-bones document does not disclose the underlying sources of the information the medical professional relied upon, so it is highly debatable whether this information could be "presented in a form that would be admissible in evidence" to establish a disability. Fed. R. Civ. P. 56(c)(2).

At best, Plaintiff has presented a document saying that he should not lift "in excess of 30 pounds" for five days.[7] (Authorization, Doc#10-8, PageID#214.) Such a temporary restriction on lifting does not rise to the level of a disability under the ADA.[8] This Court has been clear: "there is a difference between a transitory injury, that is expected to heal fully in a short period of time, and a disability." *Dorsey v. DeJoy*, S.D.Ohio No. 1:18-cv-615, 2022 U.S. Dist. LEXIS 56305, at *40 (Mar. 29, 2022). The Sixth Circuit has held that "simply having a work restriction does not automatically render one disabled." *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir. 2019). *See also Gleason v. Food*

---

[7] The record does not reflect how this limitation would have prevented Plaintiff from performing his job. He complained about not being able to make beds, but bed sheets weigh much less than 30 pounds.

[8] This Court has observed that a restriction on lifting is not a substantial limitation of a life activity. "Federal case law supports that a maximum weight restriction is not a disability as defined by the ADA." *Quinn v. Ohio State Hwy. Patrol*, S.D.Ohio No. 2:07-CV-187, 2008 U.S. Dist. LEXIS 73549, at *38 (Sep. 24, 2008) (citations omitted); *Quirin v. Abbott Laboratories*, W.D.Mich. No. 1:08-cv-011, 2009 U.S. Dist. LEXIS 52804, at *12 (May 22, 2009) ("The Sixth Circuit has not explained how a plaintiff might establish a disability from restriction on lifting."). *But see Tate v. Sam's E., Inc.*, E.D.Tenn. No. 3:11-CV-87, 2013 U.S. Dist. LEXIS 45213, at *32 (Mar. 29, 2013)(collecting cases; suggesting that after adoption of the ADAAA, "several district courts have recently found weight lifting restrictions to be adequate to constitute a disability under the ADA, or at least sufficient to avoid summary judgment on the issue").

*City 654*, E.D.Tenn. No. 3:13-CV-712-PLR-HBG, 2015 U.S. Dist. LEXIS 52558, at *13 (Apr. 22, 2015) (where temporary restrictions on lifting lasted about one month, plaintiff "failed to allege a physical impairment other than a short-term temporary restriction, and his injury is not covered under the ADA").

Finally, Plaintiff argues that a genuine issue of material fact exists with respect to whether Defendant regarded him as being disabled. Pl. Memo. at PageID#292-293. Plaintiff correctly observes that an individual could indeed be considered disabled under the ADA if he was "being regarded" by his employer as having "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A), (C). However, the five day limit in the note from the chiropractor is fatal to this argument. Plaintiff cannot establish a "regarded as disabled" claim with his impairments because the ADA explicitly states that the "regarded as" definition "shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." Id. at § 12102(3)(B). *See White v. Interstate Distrib.*, 438 F.App'x 415, 420 (6th Cir. 2011) (affirming summary judgment where "doctor expected his restrictions to be in effect for only a month or two"). Moreover, to the extent that Plaintiff maintains that Defendant regarded him as disabled when it granted his "light duty" request, this episode would suggest, at most, Defendant's belief that Plaintiff was unable to perform a specific aspect of his particular job for a short period of time; this falls well short of evidencing a belief that Plaintiff was substantially limited in the major life activity of working.

5. **Defendant Did Not Fail To Accommodate Or Engage In An Interactive Process**

Plaintiff contends that Defendant failed to timely respond to his request for accommodation of his back issues. However, the record supports that Defendant was not aware of Plaintiff's alleged disability until he provided a note from a chiropractor. (Kaur Depo., Doc#10-2, PageID#184, 196.)

And then, after the note was provided, Defendant allowed him to be on "light duty" as he had requested. (Kaur Depo., Doc#10-2, PageID#196.) This case resembles *Cooley v. Fedex Freight, Inc.*, 6th Cir. No. 19-1413, 2020 U.S. App. LEXIS 29071, at *7-10 (Sep. 11, 2020). In *Cooley,* as in this case, a plaintiff in a disability case "admitted that he did not disclose his disability to [the employer] when he was hired." And, in *Cooley*, as in this case, the record reflected that Defendant "eventually offered accommodations." The Sixth Circuit determined that, even when viewing the evidence in the light most favorable to the plaintiff, under these facts his claims could not survive summary judgment.

Defendant later claims that he can sustain a claim because the "light duty" assignment was "revoked." Pl. Memo. at PageID#293. That is not what the record shows. The only accommodation identified in the record is the "light duty" Plaintiff was permitted to perform sin March 2021. The note from the chiropractor suggested only that he should be on light duty *for five days*. Plaintiff has provided no evidence that he needed further accommodations either prior to this time or at the end of this five day period.[9]

The argument that Defendant failed to engage in an informal, interactive process with Plaintiff is also unsupported by the record. As shown *supra*, Plaintiff presented a request for light duty and

---

[9] Plaintiff seems to misrepresent (or confuse) the record here. Plaintiff argues that that he told a supervisor "that he had difficulty completing his job duties due to his conditions after his accommodation was rescinded." Pl. Memo. at PageID#294, *citing* Pl. Depo. at PageID#165-166. The section of the deposition he cites to, however, says no such thing; nothing in his testimony says that he complained about needing further accommodations after five days of "light duty" ended. In fact, he suggested that the accommodations was supposed to be temporary and nothing more was necessary:

> And I was talking to my doctor, and that's -- he said, you know, you need to be on light duty, he said, because all your tissue is inflamed back here…. He said well, we'll have -- we'll put you on light duty for a little bit and see how things go and then -- until your back gets -- you know, it's not inflamed, and we'll go from there. I said okay, fine. *And then, you know, that was it.*

(Pl. Depo., Doc#10-1, PageID#166 (emphasis supplied).)

10

Defendant made that accommodation. Since Defendant gave him what he wanted, it is hard to see how any further interactive process would be necessary or useful. Moreover, the record shows that even before this accommodation, his supervisors engaged in an interactive process by discussing his poor performance and Plaintiff agreed that he would be able to complete the assigned tasks. (Statement, Doc#10-5, PageID#209 ("there was a conversation on the performance and quality of work of [Plaintiff], following the conversation there was an agreement that tasks given to him would be completed and quality of work would improve").)

**CONCLUSION**

Summary Judgment should be granted in in favor of Defendant on all counts. Costs should be awarded to Defendant. Defendant further requests that that Court permit Defendant 45 days to submit a motion for fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, or other applicable statute.

Respectfully submitted,
    /s/ Joshua A. Engel
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via the Court's ECF System this April 12, 2024 upon all counsel of record.

    /s/ Joshua Engel
Joshua Adam Engel (0075769)