**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **DEMOND MOORE,** | ) | **CASE NO. 1:22-cv-00548-MRB** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE MICHAEL R. BARRETT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NEXT GENERATION HOSPITALITY** | ) | |
| **LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF DEMOND MOORE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR ATTORNEY'S FEES**

---

## I.  INTRODUCTION

Plaintiff Desmond Moore was abruptly terminated from his position at Next Generation Hospitality, LLC, d/b/a Kings Inn & Suites ("Defendant") less than two weeks after he submitted a request for accommodation due to his back condition supported by a note by his provider. As a result, Plaintiff subsequently filed the instant action alleging claims based on his employment with Defendant and termination. During his deposition, Plaintiff testified corroborating the claims asserted in his Complaint. However, after the Defendant filed a Motion for Summary Judgment, this Court granted the Motion as to all claims. Now, Defendant seeks to punish Plaintiff for exercising his statutory protected rights by asking this Court to issue the severe sanction of requiring Plaintiff to pay for the Defendant's attorneys' fees and costs. Defendant seeks to chill Plaintiff's statutory rights, which is not supported by the record in this case or Defendant's motion.

## II.  STATEMENT OF FACTS

Moore was initially successful in his role with Defendant, as testified by Defendant's Owner/General Manager Gaganpreet Kaur, and was promoted to a supervisory role as Housekeeping

Manager (Kaur Depo. @ 31. (Kaur Depo. Transcript previously filed as Doc #: 10-2)). However, after Moore began to experience difficulty performing his tasks due to his scoliosis condition, he complained to his supervisors and was subsequently retaliated against. (Moore Depo. @ 98-100) (Moore Depo. Transcript previously filed as Doc #: 10-1). Moore attempted to perform these tasks, but was reprimanded multiple times when he was unable to complete them. (Moore Depo. @ 61). To attempt to prove to Defendant that he was unable to complete these tasks due to his condition, Moore visited his chiropractor to obtain supporting documentation and submitted it to Defendant. (March 13, 2021 Authorization For Light Duty, previously filed as Doc #: 10-8). Although Moore submitted this to Defendant, he was never provided with any guidance or paperwork in order to submit a request for an accommodation in accordance with the ADA. (Moore Depo. @ 98-101).

Further, Moore testified that his supervisor Nikki Williams treated him worse than his female coworkers, and tried to incite conflict between his coworkers, creating a hostile workplace. (Moore Depo. @ 80-81). In addition, Moore testified that he disclosed his previous relationship with coworker Rhonda Craddock, and Williams attempted to create division with Craddock due to her bias against him. (Moore Depo. @ 78-82). Further, Moore testified was discriminated against by Craddock due to his previous relationship with her when she reprimanded him based on false accusations. (Moore Depo. @ 93). Finally, on March 26, 2021, Plaintiff was terminated two weeks after his light duty request purportedly for being "disrespectful and insubordinate" when he did not complete tasks which interfered with his disability and objected to being required to complete these tasks. (Doc #: 10-11).

### III.  LEGAL STANDARD FOR AWARDING ATTORNEY'S FEES

In general, "federal court litigants are responsible for their own attorney's fees and litigation expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). The Supreme Court provided the relevant standard for assessing attorney's fees in *Christiansburg Garment Co. v. E.E.O.C.*, 434

U.S. 412 (1978). The Court held, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422.

"In assessing whether attorney's fees are appropriate, the court may consider three factors, including: '(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial....'" *E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 591 (6th Cir. 2013). "Notably, however, mere failure to establish a prima facie case, by itself, is not dispositive." *Harper v. City of Cleveland*, No. 1:16-CV-2972, 2020 WL 127683, at *2 (N.D. Ohio Jan. 10, 2020) (citing *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 637 (6th Cir. 2009)). "The Supreme Court's guidance on attorney's fees provides that, 'in applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Christiansburg*, 434 U.S. at 421-22. The Sixth Circuit has explained that "fees against a losing plaintiff in a civil rights action 'is an extreme sanction.'" *E.E.O.C. v. HP Pelzer*, No. 1:17-cv-31, 2020 WL 3066639, at *1 (E.D. Tenn. Jan. 9, 2020) (quoting *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001)). The Sixth Circuit has established this high burden because "it reduces the 'chilling effect on a plaintiff who seeks to enforce his/her civil rights.'" *HP Pelzer*, 2020 WL 3066639, at *1 (quoting *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 433 (6th Cir. 2017)).

## IV.  DEFENDANT HAS FAILED TO DEMONSTRATE THAT IT IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES.

In support of its request for the severe sanction of an award of attorneys' fees, Defendant broadly asserts that Defendant's asserted reasons for terminating Plaintiff were not "seriously contested" and that his claims were frivolous because he did not deny that he came to work late or

was insubordinate. (Doc #: 17, p. 2). At a minimum, Defendant has failed to provide a sufficient basis in its Motion to demonstrate that Plaintiff's claims were frivolous and that this is example of "egregious cases of misconduct" that entitle it to the requested award. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). Likewise, this broad assertion is not supported by the record in this case.

### a) Gender Discrimination, Sexual Harassment, and Hostile Work Environment Claims

Defendant blanketly asserts that these claims were frivolous. (Doc #: 17, p. 2). However, Moore provided testimony corroborating these claims. In particular, Moore testified that his supervisor Williams treated him worse than female coworkers, and created a hostile work environment by creating division between himself and his coworkers. (Moore Depo. @ 78-82). He likewise testified that she reprimanded him for false reasons. (Moore Depo. @ 78-79). In addition, Moore testified that he received discriminatory treatment from Craddock due to his previous relationship with her, and that she also reprimanded him based on false accusations. (Moore Depo. @ 92-93). It is undisputed that these reprimands occurred. As such, the testimony provided by Moore supports these claims.

Moreover, the cases cited by Defendant in support of its argument that the claims were frivolous are inapposite here. (Doc #: 17, p. 2-3). Indeed, in *EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 591-592 (6th Cir. 2013), the Sixth Circuit held that sanctions were appropriate when the EEOC pursued a claim based on a company policy which they discovered did not exist. As such, the claim in that case was provably false. *EEOC v. Peoplemark, Inc.*, 732 F.3d 584 at 591-592. Similarly, in *Pierzynowski v. Police Dept.*, 947 F.Supp. 1147, 1149-50 (E.D. Mich. 1996), the Court found that the plaintiff's claims were frivolous where the plaintiff filed "shotgun charges" based on speculation, did not engage in any discovery, and refused to allow the defendants to conduct discovery. The same is not true in this case. Indeed, Plaintiff testified that reprimands that he

received were due to discriminatory bias against him. (Moore Depo. @ 78-83). Further, Plaintiff testified that he was subjected to a hostile working environment. (Moore Depo. @ 80-81). Accordingly, Defendant has not demonstrated that Plaintiff's claims are frivolous, and it is not entitled to an award of attorneys' fees based on these circumstances.

### b) Disability Discrimination Claims

Defendant asserts that these claims were frivolous because the Plaintiff did not prove that he was disabled. (Doc #: 17, p. 3). As an initial matter, Plaintiff submitted a note from his provider documenting his back condition and inability to perform tasks due to his disability. (Moore Depo. @ 98-101). Likewise, Plaintiff testified that he suffers from scoliosis, and informed his supervisors of his back condition and inability to perform some of his assigned tasks. (Moore Depo. @ 53-54). Further, Plaintiff obtained a sworn statement from Craddock corroborating that Defendant was aware of his medical condition which interfered with his duties. (Doc #: 13-1). Moreover, Defendant's owner Kaur admitted in her deposition that she was aware of Plaintiff's impairment prior his termination. (Kaur Depo. @ 36-38.) As such, although the Court concluded that there was insufficient evidence to establish that Plaintiff was disabled as a matter of law, this conclusion does not render the Plaintiff's claims as frivolous. Indeed, Defendant has failed to cite any case law holding that a plaintiff's claims for disability discrimination are frivolous if he is unable to prove he is disabled. As such, Defendant has failed to provide grounds sufficient to establish that Plaintiff's disability discrimination claims were frivolous, and, as such, the Court should deny its motion for the extreme sanction of attorneys' fees.

### c) Retaliation Claims

Defendant asserts that these claims were frivolous because Plaintiff did not report disability discrimination to his supervisor. (Doc #: 17, p. 3). Although Moore may not have used "magic words" to report discrimination, he testified that he complained to his supervisor, Williams, when

he was unable to complete the job duties he was assigned due to his disability. (Moore Depo. @ 53-54); *see, e.g., Haydar v. Amazon Corporate, LLC*, No. 19-2410, 2021 WL 4206279 *6 (6th Cir. 2021) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue"). Further, Moore testified that Williams subsequently falsely accused him of insubordination and reprimanded him. (Moore Depo. @ 77-79). As such, although the Court concluded that Plaintiff could not meet his burden to sustain this claim, Plaintiff testified in support of this claim and it was not frivolous. Accordingly, Defendant's motion has failed to demonstrate that it is entitled to the requested extreme award and the motion should be denied.

## V.   CONCLUSION

Based on the foregoing reasons, Moore respectfully requests that the Court deny Defendant's Motion for Attorney's Fees.

Respectfully submitted,

*/s/ Samuel T. Long*

Samuel T. Long (0103931)
**Spitz, The Employee's Law Firm**
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (859) 317-5921
Fax: (216) 291-5744
Email: sam.long@spitzlawfirm.com

*Attorney For Plaintiff Demond Moore*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2024, a copy of the foregoing was filed on the Court's Online Filing System and made available to all parties.

/s/ Samuel T. Long
Samuel T. Long (0103931)
**Spitz, The Employee's Law Firm**