IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEMOND MOORE, | Case No. 1:22-cv-00548-MRB |
| Plaintiff, | JUDGE: BARRETT |
| v. | REPLY TO RESPONSE TO MOTION FOR ATTORNEY'S FEES |
| NEXT GENERATION HOSPITALITY LLC. | |
| Defendant | |

Pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Local Rule 54, Defendant Next Generation Hospitality, LLC, d/b/a Kings Inn & Suites, respectfully submits this Reply to the Opposition to the Motion for Attorney's Fees.

This is that rare case where such an award is appropriate and warranted. This Court granted summary judgment on all claims. *Moore v. Next Generation Hosp. LLC*, S.D.Ohio No. 1:22-cv-00548, 2024 U.S. Dist. LEXIS 201127, at *22 (Nov. 5, 2024). It never should have come to that. Plaintiff should have dismissed all of his claims after discovery had shown that they were without factual support beyond his own self-serving testimony. Some of Plaintiff's claims were merely unsupported by any witnesses or documents; other claims were contradicted by the documentary evidence. The basic problem with Plaintiff's Opposition – and the reason a fee award is justified – is that Plaintiff had plenty of opinions, but no evidence. In his deposition he admitted this:

> Q. … What evidence do you have to support your claim?
> A. I don't -- I don't have any evidence. I'm just giving you -- I'm just telling you what I think.

1

(Pl. Depo., Doc.10-1, PageID#156.) Defendant acknowledges the concern that awarding attorney fees to defendants under § 1988 may have a chilling effect on the willingness to bring legitimate civil rights claims. A fee award in this case only dissuades employees who seek to pursue litigation based on what they "think" instead of actual evidence And this concern is not intended to shield employees who, when terminated for cause, react by threatening, "you're going to be hearing from my lawyer." (*See* Kaur Depo. Doc.10-1, PageID#193.)

1. **Plaintiff Does Not Contest That The Amount Of The Fees Sought Are Reasonable**

Plaintiff does not contest that the amount of fees sought – should the Court determine that a fee award is appropriate – is reasonable. Plaintiff does not contest that the lodestar amount in the Affidavit of Counsel yields a fee that sufficient under these circumstances. Plaintiff has waived any argument that the hourly rate charged by counsel or the number of hours that counsel expended on the case was unreasonable.

2. **Plaintiff's Claims Are Frivolous Because He Was Terminated Due To Being "Just A Bad Employee"**

Plaintiff's claims were frivolous because the record clearly established that he was terminated because he "was just a bad employee" – he was "disruptive," "disobedient," and "did not listen." (Kaur Depo., Doc#10-2, PageID#176, 193.) All of this was well-documented contemporaneously. (*See e.g.* Email, Doc#10-3, PageID#207 ("[Plaintiff] clearly is defiant and refuses to obey orders, from his Manager/Supervisor and the owner…"); Memo., Doc#10-4, PageID#208 ("During his whole shift [Plaintiff] was being rude and disrespectful."); Statement, Doc#10-5, PageID#209 ("[Plaintiff's] acts of insubordination is very disturbing and takes away from the focus and the needs of a working environment."); Employee Write Up, Doc#10-7, PageID#212-231 ("He constantly fails to complete his assigned work & becomes combative with the MGT team.").) Plaintiff never denied any of the reasons given for his termination when he responded to the Motion for Summary Judgment, such as

2

denying that he came into work late or was insubordinate. (*Compare* Opposition, Doc#13, PageID#297.)

<u>The Gender Discrimination, Sexual Harassment, and Hostile Work Environment claims were frivolous</u>. Plaintiff does not contest that he abandoned these claims after the filing of the Motion for Summary Judgment. The failure to terminate this lawsuit voluntarily when it should have ended lead to the expenditure of many hours by Defendant's counsel in preparing for summary judgment on these claims. Litigation on these issues unnecessarily continued, litigation expenses that could have been avoided if Plaintiff's counsel had done their duty and dismissed thee claims before it required the drafting of a motion for summary judgment. One court in this Circuit has noted:

> Plaintiff's "maintenance of this suit in opposing and further delaying dismissal caused Defendants to incur expenses defending against these frivolous claims long after Respondents should have abandoned them. Unwarranted delays like this are not without victims.

*Bojicic v. Dewine*, 714 F. Supp. 3d 913, 936 (N.D.Ohio 2024)

Plaintiff claims, nonetheless, that his claims were not frivolous because he provided testimony "corroborating these claims." Pl. Memo at PageID#354. However, Plaintiff fails to acknowledge that, in his deposition, he was unable to suggest any specific incidents of discrimination independent of some different conversational tones:

> I didn't say [his supervisor] discriminated against me on my gender. You asked me did she treat me different. I said she treated me different because I was a male. You know, just different in conversation. Like women say hey, girl, how are you doing…

(Pl. Depo., Doc#10-1, PageID#161.) He further testified:

> Q …You're claiming as we sit here today defendant treated you, quote, differently than other similarly situated employees based on his gender, end quote. Tell me how.
> A. Well, making me feel -- making me feel like, you know, since I'm a man, I should be able to do more and handle more…
> Q. Any other way you were treated differently than other --
> A. No.

3

>Q. -- similarly situated --
>A. No.

(Pl. Depo., Doc#10-1, PageID#163.) He also testified unequivocally that this was *not discriminatory* based on gender:

>Q. So did anyone at Kings Inn & Suites discriminate against you on the basis of your gender during your employment?
>A. No, not because I'm a man.

(Pl. Depo., Doc#10-1, PageID#161.) Nor could he definitively identify any similarly situated employees. (Pl. Depo., Doc#10-1, PageID#163.) Plaintiff's entire case was based on his own perceptions and motives. Defendant should be awarded attorney fees because he could only show that he was discharged and that he was male. He admitted that he had no other information bearing on discriminatory conduct and zero other evidence was offered to substantiate the claims except plaintiff's own self-serving declarations.

The Disability Discrimination claims were frivolous. Plaintiff suggests that, despite this Court's conclusion that he had "not shown that he is disabled," he had submitted enough evidence of his disability to make these claims not frivolous. Pl. Memo. at PageID#355. This Court found that Plaintiff lacked evidentiary support for his claims. The disability discrimination claim's lack of merit should have been apparent to Plaintiff and his counsel early in the case, and certainly by the close of Plaintiff's deposition. To pick one example: Plaintiff's claims are belied by his employment application where he indicated that he did not have any health issues or concerns. (Application, Doc#10-12; PageID#219.) Perhaps he did not have access to this record prior to discovery? But once it was obtained in discovery and he was questioned about the application in his deposition, this claim should have been abandoned. This, thus, is a prime example of a claim which a plaintiff continues to litigate even after becoming aware that it is frivolous, unreasonable, and/or groundless.

4

Plaintiff's other references to aspects of the record do not help him. He references the "light duty authorization" note from a medical provider, but this document contains no diagnosis, much less any medical findings that would substantiate or support any such diagnosis.[1] Plaintiff then suggests Defendant's manager "admitted in her deposition that she was aware of Plaintiff's impairment." Pl. Memo. at PageID#355. Plaintiff does not accurately describe the record. The deposition portion referenced by Plaintiff concerns Defendant granting Plaintiff's "light duty" request. (Kaur Depo., Doc.10-2, PageID#181.) This testimony concerns, at best, Defendant's accommodation of Plaintiff's claim that was unable to perform a specific aspect of his particular job for a short period of time; this falls well short of evidencing a belief that Plaintiff was substantially limited in the major life activity of working. The testimony of the manager that Plaintiff was not disabled was clear:

> Q …At any other point during his job application process did he indicate to you any health issues or concerns?
> A. No.
> Q. And in particular, did he tell you that he had a back injury?
> A. No.
> Q. Did he tell you that he was considered disabled?
> A. No.
> Q. Did you perceive him as disabled in any way?
> A. No.

(Kaur Depo., Doc.10-2, PageID#196.)[2]

Finally, even if the Court accepted Plaintiff's view of the record, the claims would *still* be frivolous for two reasons. First, Plaintiff failed to identify any nondisabled person who was treated more favorably. This was fatal to his claims; the Sixth Circuit has held that a plaintiff alleging disability

---

[1] This document records merely identifies a transitory problem that evidently led Plaintiff to visit a chiropractor one time, with no indication that these health concerns were confirmed (or even investigated) through examination or medical tests.

[2] Plaintiff also cites that the Craddock Affidavit submitted by Plaintiff. (Doc#13-1.) This Court described this Affidavit as "both vague and conclusory." 2024 U.S. Dist. LEXIS 201127, at *17. This Affidavit should also be disregarded because it was initially provided after discovery closed.

discrimination needs first to establish a *prima facie* case of discrimination by "showing that similarly situated non-protected employees were treated more favorably." *Hopkins v. Elec. Data Sys. Corp.*, 196 F.3d 655, 660 (6th Cir. 1999). Second, Plaintiff has not produced evidence shown that his claimed disability – scoliosis –substantially limited a major life activity; he admitted he had no documents to support his disability and produced no expert testimony in discovery. (Pl. Depo., Doc#10-1, PageID#152-153; Interrogatory Answers 14, 15, 17, Doc#10-13, PageID#231-235.)

<u>The Retaliation claims were frivolous</u>. Plaintiff challenges this Court's conclusion that he "fail[ed] to identify any protected activity." 2024 U.S. Dist. LEXIS 201127, at *22. The record, as this Court observed, is clear that he did not report disability discrimination to his supervisor and, further, that he failed to identify any protected activity which could support a claim for retaliation. Plaintiff asserts that "he complained to his supervisor" even if he did not use "magic words. Pl. Memo. at PageID# 355-356. But, this Court already observed that his testimony was, at best, "equivocal" and that "there was no paperwork to support his reputed disability." 2024 U.S. Dist. LEXIS 201127, at *22. Despite his argument, there was no evidence in the record that he ever reported unfair treatment related to his alleged disability to a supervisor. The claims should have been abandoned because the record says the opposite:

> Q. Did you ever report sexual harassment to your supervisor?
> A. No.
> Q. Did you ever report disability discrimination to your supervisor?
> A. Disability, no, I did not.

(Pl. Depo., Doc#10-1, PageID#163.)

Finally, although perhaps most important, even if Plaintiff *had* engaged in protected activity, his claims is *still* frivolous because, applying the *McDonnell Douglas* burden-shifting framework, Defendant had numerous non-discriminatory reasons to terminate Plaintiff. *See supra.*

6

**CONCLUSION**

Pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, or other applicable statute, this Court should award fees in the amount of $20,543.00. Defendant is also entitled to costs in the amount of $2,646.10, as described in the separate Bill of Costs.

Respectfully submitted,
    /s/ Joshua A. Engel
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via the Court's ECF System this December 27, 2024 upon all counsel of record.

    /s/ Joshua Engel
Joshua Adam Engel (0075769)