UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Demond Moore, | ) |
| Plaintiff, | ) Case No.: 1:22-cv-00548 |
| vs. | ) Judge Michael R. Barrett |
| Next Generation Hospitality LLC d/b/a Kings Inn & Suites, | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the Motion for Attorney's Fees (Doc. 17) filed by Defendant Next Generation Hospitality, LLC ("NGH") d/b/a Kings Inn & Suites.

As background, the undersigned granted Defendant NGH's Motion for Summary Judgment (Doc. 11), dismissing with prejudice all eleven counts set forth in Plaintiff's (First) Amended Complaint (Doc. 3). (*See* Doc. 15, Opinion & Order, issued 11/05/24).[1] NGH thereafter filed a Bill of Costs (Doc. 18) as well as its motion for fees.

Plaintiff timely filed a Notice of Appeal.[2] (*See* Doc. 20). Briefing is complete, but no date for oral argument (before a panel of the Sixth Circuit) has been set. See *Demond Alex Moore v. Next Generation Hospitality LLC, dba Kings Inn & Suites*, No. 24-4050 (6th Cir. May 9, 2025).

"[T]he normal rule is that, once a party files a notice of appeal, a district court loses jurisdiction over any aspect of the case at issue in the appeal." *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 635 (6th Cir. 2020) (citing *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019)). However, a district court does retain jurisdiction "to proceed with matters that will **aid** the appellate

---

[1] The Clerk entered judgment the same day, November 5, 2024. (*See* Doc. 16).

[2] A notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

1

process." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)) (bold emphasis added). "To be sure, the category of actions a district court can take in aid of the appellate process is 'narrowly defined.'" *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 613 (6th Cir. 2024) (quoting *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013)). Of note, "it does not include 'actions that *alter* the case on appeal.'" *Id.* (quoting *Carman*, 933 F.3d at 617 (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)) (italics emphasis added in *Carman*)).

NGH brings its motion for fees under 42 U.S.C. § 1988.[3] It faces a high bar. As the Supreme Court has explained, a Title VII plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Pertinent here, deciding NGH's motion would require the Court to once more examine the merits (or lack thereof) of Plaintiff's claims. This would not <u>aid</u> the appellate process, but, rather, <u>alter</u> it. Accordingly, the Court concludes it lacks jurisdiction to decide whether NGH is entitled to recover its attorney's fees. The Motion for Attorney's Fees (Doc. 17) filed by Defendant is **DENIED without prejudice to RENEW**, if appropriate, once Plaintiff's appeal has been decided.

    **IT IS SO ORDERED.**

                        /s/ *Michael R. Barrett*
                        Michael R. Barrett, Judge
                        United States District Court

---

[3] NGH also brings its motion for fees under 28 U.S.C. § 1927, which provides: "Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."