## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 29, 2025

Ms. Trisha M. Breedlove
Spitz Law Firm Ohio
1103 Schrock Road
Suite 307
Columbus, OH 43229

Mr. Joshua Adam Engel
Engel & Martin
4660 Duke Drive
Suite 101
Mason, OH 45040

Re:   Case No. 24-4050, *Demond Moore v. Next Generation Hospitality*
      Originating Case No. 1:22-cv-00548

Dear Counsel,

   The Court issued the enclosed opinion today in this case.

   Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                               Sincerely yours,

                               s/Cathryn Lovely
                               Opinions Deputy

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0506n.06

Case No. 24-4050

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 29, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| DEMOND MOORE, | ) |
|     Plaintiff - Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| NEXT GENERATION HOSPITALITY LLC, | ) |
|     Defendant - Appellee. | ) OPINION |

Before: GIBBONS, McKEAGUE, and RITZ, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Next Generation Hospitality LLC ("NGH"), which operates King's Inn & Suites ("King's Inn"), employed Plaintiff-Appellant Demond Alex Moore in a housekeeping role until it eventually terminated him over various performance issues. Moore then sued NGH, bringing a plethora of claims ranging from disability and gender discrimination to retaliation, pursuant to federal and state laws. The district court ultimately granted summary judgment to NGH on all of Moore's claims.

In his appeal, Moore challenges the district court's order. Because Moore failed to establish a prima facie case of disability discrimination and retaliation regarding his termination and further failed to show he was disabled within the scope of the American with Disabilities Act ("ADA"), we affirm.

**I.**

Moore applied for a job at King's Inn on September 23, 2020, by partially filling out a job application. The application asked potential employees the position for which they were applying;

whether they could stand for long hours; and to state any health issues or concerns. Moore left these spaces blank in his application. King's Inn hired Moore, and he began work a week later. During Moore's employment, Gaganpreet Kaur acted as the de facto owner for the property, which belonged to her father. Kaur also worked as manager of King's Inn, responsible for the hotel's "day-to-day operations." DE 10-2, Kaur Dep., Page ID 175. In her deposition, Kaur testified that Moore "was in a housekeeping role." *Id.* at 180.[1]

At the beginning of Moore's employment, things were going well. In fact, by January 2021, because Moore's "work ethic was great" and he "was doing a good job," he was given a temporary supervisory role to cover for a housekeeping manager on leave. *Id.* But not long after, his relationship with King's Inn started going downhill.

On February 8, 2021, Rhonda Craddock, a housekeeping manager, transmitted an incident report stating that Moore had "disregarded every task that was given to him" and that he was acting "defiant" by refusing to obey orders from his Manager/Supervisor. DE 10-3, Incident Report E-mail, Page ID 207. Kaur, the "Manager on Duty" that day, also recorded a separate incident report stating that Moore had "show[n] up an hour late for his scheduled shift," that he had been "rude and disrespectful," and that he had failed to "make any beds per the instructions he was given." DE 10-4, Incident Report, Page ID 208.

The following day, Moore was issued a second written warning. The "Employee Statement" space was left blank, and his signature line was marked with the words "refused to sign." DE 10-6, Employee Disciplinary Action Form, Page ID 210. This warning not only stated

---

[1] Kaur's description of Moore's job title and duties slightly diverges from Moore's description. Moore testified that he was hired as a "houseman" as opposed to "housekeeper." DE 10-1, Moore Dep., Page ID 159. He claims that a "houseman is not required to make beds." *Id.* In his own words, a houseman's job entails to "just go around sweep[ing] . . . do[ing] a little mopping, do[ing] a little stuff here and there in the main lobby . . . stuff like that . . . not[hing] strenuous." *Id.* at 153. Meanwhile, Kaur testified that Moore worked as a "housekeeper, laundry [sic], and houseman." DE 10-2, Kaur Dep., Page ID 180.

that Moore was disobedient and exhibited poor work quality but also accused him of creating a hostile work environment. The warning also noted that Moore would be sent home for the day and that he would be required to complete his assigned tasks upon his return or face "further disciplinary action up to and including termination." *Id.*

On March 10, 2021, Moore was issued yet another warning for absenteeism and substandard work. This disciplinary report cited specific instances in which Moore had allegedly failed to complete his work assignments on March 9 and 10, 2021. The report also alleged that Moore was "not meeting the minimum standard required" and that he had become combative with King's Inn management team. DE 10-7, Employee Write-Up, Page ID 212. The report had a section titled "Plan for Improvement," where it was stipulated that Moore would "no longer act in a supervisory capacity," but left open the possibility to "revisit his role as a supervisor" if "there [was] documented improvement." *Id.* The report further specified that King's Inn management would monitor Moore's production for thirty days, and Moore was advised that a "[c]ontinued failure to meet the minimum productivity" could result in additional discipline including termination. *Id.*

On March 13, 2021, Moore presented an "Authorization for Light Duty" issued by a chiropractic clinic, in which the doctor recommended that he be limited to "light duty" until March 18, 2021. DE 10-8, Authorization for Light Duty, Page ID 214. In the authorization, the doctor defined "light duty" as refraining from "prolonged bending" and "lifting in excess of 30 lbs." *Id.* Kaur testified that King's Inn obeyed Moore's request and "made sure [Moore] was on light duty during this time period." DE 10-2, Kaur Dep., Page ID 189. Kaur further testified that prior to receiving this request, Moore had never made any similar "light duty" requests, asked for any work-related accommodations, or expressed having any physical issues or limitations.

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

Moore claims that he suffered a back injury in 2017 that left him with limited movement, hindered his ability to walk, and required surgical intervention. Moore further claims that before his employment at King's Inn, he had worked with Nicky Williams, the general manager at King's Inn, and that he had given "notice of his disability to her." DE 10-13, Plaintiff's Gen. Objections to Interrogatories, Page ID 228. Moore purports to have written "the details of his disabilities on his application to work for [King's Inn], constituting notice of his disabilities." *Id.* However, as shown in the record, Moore's job application left blank the question pertaining to health issues or concerns. He also left unanswered the question whether he could stand for long hours.

On March 18, 2021, Kaur filed another incident report regarding a complaint lodged against Moore, alleging that he had been rude and unprofessional to a guest. Kaur admitted that this incident was "the last straw" for her and that it was time to terminate Moore. DE 10-2, Kaur Dep., Page ID 200. On March 26, 2021, Williams fired Moore after he allegedly exhibited hostile behavior. According to Williams, shortly after firing Moore, she asked him to clock out and leave the property, but he refused and instead became aggressive and started insulting her. Moore told Williams that she was going to hear from his lawyer because she had "fucked up firing [him] while on restrictive duty." DE 10-11, Statement of Nikki Williams, Page ID 218.

Subsequently, Moore sued NGH on September 20, 2022,[2] asserting claims for gender discrimination, sexual harassment, hostile work environment, disability discrimination, failure to accommodate, and retaliation.[3] Moore brought his claims pursuant to 42 U.S.C. § 2000e (Title

---

[2] Moore had initially brought his lawsuit in state court. On September 23, 2022, NGH removed the state court action from the Warren County Common Pleas Court to the U.S. District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1441.

[3] It is not disputed that Moore timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). On March 15, 2022, the EEOC issued a Notice of Right to Sue letter to Moore regarding his EEOC Charge. The fact that Moore exhausted his administrative remedies before proceeding to federal court is not in dispute.

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

VII), 42 U.S.C. § 12101 *et seq.* (ADA), and Ohio Rev. Code § 4112.01 *et seq.* (Ohio Civil Rights Act). Moore's First Amended Complaint included eleven counts. On March 14, 2024, NGH moved for summary judgment on all claims. In opposing NGH's summary judgment motion, Moore abandoned his claims of gender discrimination, sexual harassment, and hostile work environment under federal and state law (Counts I-VI), leaving only five of the eleven original counts.

Subsequently, the district court found that NGH was entitled to judgment as a matter of law as to Counts I-VI. Additionally, the district court granted summary judgment to NGH on the remaining five counts, finding that Moore had failed to (i) establish a prima facie case of disability discrimination regarding his termination, and (ii) show that he was a disabled individual within the meaning of the ADA. The district court also found that Moore had not been able to identify any protected activity and held that his retaliation claim failed. Moore timely appealed.

## II.

We review a district court's grant of summary judgment de novo. *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Our court will affirm summary judgment if, after viewing the facts in the light most favorable to the nonmovant, "no genuine dispute as to any material fact" exists, and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 231 (2015). A genuine dispute of material facts exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

## III.

### A. Disability-Based Discrimination Claims

Counts VII and VIII of Moore's First Amended Complaint assert disability discrimination claims. The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or *discharge of employees*, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (emphasis added). Similarly, the Ohio Civil Rights Act prohibits discrimination generally, including the "discharge without just cause" of an employee because of his "disability." Ohio Rev. Code § 4112.02(A).

Neither party argued below or on appeal that an action for disability discrimination under Ohio law employs a different legal analysis than that for disability discrimination under the ADA, and because the Ohio "statute's prohibitions mirror those of the ADA . . . the state-law claims rise or fall on the resolution of the federal claims." *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 848 n.1 (6th Cir. 2018). Moreover, since "Ohio case law tends to suggest that it entails the same legal analysis as that under the ADA," we review Moore's "state and federal claims solely under the ADA analysis." *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012) (internal quotation marks omitted).

#### 1. Application of the Circumstantial vs. Direct Evidence Test

"An employee can prove disability discrimination using direct or circumstantial evidence." *Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 368 (6th Cir. 2024). Whether an employee's evidence "may be properly categorized as direct or circumstantial is of importance, because a direct-evidence claim is removed from the burden-shifting framework of *McDonnell Douglas*."

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

*Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 346 (6th Cir. 2012). The parties dispute which test should apply to Moore's discrimination claims.

Moore argues that the "district court should have applied the direct evidence test" CA6 R. 20, Appellant Br., at 14, because NGH "admitted that Moore's failure to complete some job duties, which . . . conflicted with his disability, led to his termination." CA6 R. 24, Appellant Reply Br., at 4. Meanwhile, NGH argues that the circumstantial evidence test should apply because it "had a legitimate reason for Moore's termination unrelated to any alleged disability." CA6 R. 22, Appellee Br., at 22.

The district court reasoned that applying the direct evidence test would require it to make inferences when, in fact, this test "does not require the factfinder 'to make any inferences before concluding that unlawful discrimination happened.'" DE 15, Op. & Order, Page ID 325 (citing *M.J. ex rel. S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 452 (6th Cir. 2021)). In short, "[d]irect evidence explains itself." *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 683 (6th Cir. 2016) (internal quotation marks omitted). As the district court correctly determined, no such direct evidence exists here that would allow the factfinder to determine, without an inference, that Moore was terminated due to his disability. Accordingly, the district court properly applied the circumstantial evidence test to evaluate Moore's disability discrimination claim.

### 2. *McDonnell Douglas* Burden-Shifting Framework for Circumstantial Evidence

"In the absence of direct evidence of discrimination, [courts] apply the framework established in *McDonnell Douglas* . . . to evaluate workplace-discrimination claims." *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 522 (6th Cir. 2021). An ADA discrimination claim imposes a prima facie burden on the employee, requiring him to show that (1) he has a disability; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) he has

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

suffered an adverse employment decision; (4) his employer knew or had reason to know of his disability; and (5) his position remained open, or he was replaced. *Hrdlicka v. Gen. Motors, LLC*, 63 F.4th 555, 566 (6th Cir. 2023). Once the employee establishes a prima facie case of discrimination, "the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the adverse action." *Thompson*, 985 F.3d at 522. "If the employer meets its burden, the burden shifts back to the plaintiff to establish that the proffered reason was merely pretext for unlawful discrimination." *Id.*

The district court found that at most, Moore only met the second and third of the five elements necessary to establish a prima facie case on his disability discrimination claims – that he was qualified for a housekeeping position, and that he was terminated. Accordingly, the district court found that NGH was entitled to judgment as a matter of law as to Counts VII and VIII. We agree with the district court's conclusion. Because the parties do not dispute that Moore met these two elements, we analyze the remaining three elements in turn.

### a. Establishing Moore's Disability

"Proof of a disability is a threshold requirement to prove a violation of the ADA." *Gerton v. Verizon S. Inc.*, 145 F. App'x 159, 164 (6th Cir. 2005) (citing *Burns v. Coca–Cola Enters., Inc.*, 222 F.3d 247, 253 (6th Cir. 2000). Thus, as an initial matter, Moore must show that he is disabled under the ADA and that his employer knew or had reason to know of his disability. *See Thompson*, 985 F.3d at 522. Under the ADA, a person is disabled when he has "a physical or mental impairment that substantially limits one or more major life activities," has "a record of such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, "walking, standing, lifting, bending, . . . and *working*." *Id.* § 12102(2)(A) (emphasis added).

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

Furthermore, an employee is also regarded as having a disability if he "establishes that he . . . has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* § 12102(3)(A).  However, this provision "shall *not* apply to impairments that are *transitory and minor*." *Id.* § 12102(3)(B) (emphasis added).  Federal regulations "clarify that th[e] 'transitory and minor' limitation is an affirmative defense that the employer bears the burden of proving, 29 C.F.R. § 1630.15(f), and that 'physical impairment' is otherwise defined broadly." *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 319 (6th Cir. 2019).

Aside from his own testimony and an affidavit from Rhonda Craddock,[4] Moore has not furnished any proof of a disability.  He claims that before his tenure at King's Inn, he had back surgery either in 2016 or 2017 because his "scoliosis" prevented him from touching his toes.  When asked whether he had any medical documents supporting the fact that he could not perform his job duties, Moore replied: "Not in hand, no."  DE 10-1, Moore Dep., Page ID 153.  He also could not recall whether any such documents existed.  And when asked if he had any documents from a doctor or medical provider, he did not provide a clear answer.[5]  Furthermore, Moore testified that his doctor gave him "different advice, different things to do," but there is no evidence in the record that his doctor believed his scoliosis *substantially limited* any major life activity.  *Id.* at 152.  In

---

[4] In his opposition to NGH's motion for summary judgment, Moore attached an affidavit signed by Rhonda Craddock, a former housekeeping manager at King's Inn.  In her affidavit, Craddock states that King's Inn: (1) "was aware that Moore had a medical condition which interfered with some of his job duties"; (2) "did not provide Moore with an accommodation to allow him to perform his job duties"; (3) "reprimanded Moore when he did not perform job duties which conflicted with his medical conditions"; and that she (4) did "not believe King's Inn termination of Moore's employment was justified."  DE 13-1, Opp. Summ. J, Ex. #1, Affidavit of Rhonda Craddock, Page ID 299.

[5] Specifically, Moore responded: "[Y]ou're asking me do I have documentation on do I have scoliosis. Yes, I do."  DE 10-1, Moore Dep., Page ID 152.  There is no evidence that Moore ever produced this documentation.

fact, Moore claims he spoke to his doctor about bending and the doctor simply advised him to "take breaks" and not "do a lot of bending." *Id.*

Other than his own pronouncement, Moore has not provided any supporting evidence that he indeed suffers from scoliosis or has another diagnosis to form the basis of his disability claim and thus, he cannot establish a physical impairment pursuant to the ADA. *See Neely v. Benchmark Fam. Servs.*, 640 F. App'x 429, 433 (6th Cir. 2016) ("[Plaintiff]'s bare assertions of sleep apnea, without any supporting medical evidence, cannot establish a physical or mental impairment within the meaning of the ADA." (internal quotation marks omitted)). Moore nonetheless claims to have "presented sufficient evidence to be considered disabled for purposes of his claims." CA6 R. 20, Appellant Br., at 18. Specifically, Moore argues that he "provided testimony and submitted treatment records indicating that he suffers from a chronic back condition which limits his major life functions," and cites to his own deposition. *Id.* (citing DE 10-1, Page ID 158). However, his own deposition is not a treatment record, and in any event, the testimony Moore cites fails to discuss his condition.[6]

Because Moore fails to carry his burden of establishing that he suffers from a "physical impairment," he has not shown he is disabled under the first prong of the ADA's definition and necessarily also fails to meet the first element of his prima facie case of disability discrimination. *See Neely*, 640 F. App'x at 435.

### b. King's Inn's Awareness of Moore's Disability

The district court also found that Moore had failed to establish that King's Inn knew or had reason to know of his purported disability. Moore argues that he had "previously worked with

---

[6] Moore repeats this mistaken assertion, citing the same page, in his reply brief. "In this case, Moore provided testimony and submitted treatment records indicating that he suffers from a chronic back condition which limits his major life functions. RE 10-1, Page ID #158." CA6 R. 24, Appellant Reply Br., at 4.

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

General Manager Nikki Williams at another hotel and she was aware of his back issues" and had "assured [him] that his back issues would not be a problem, and that he would not need to change bedding and clean rooms."[7] CA6 R. 20, Appellant Br., at 9. NGH argues that it "was not aware of [Moore']s alleged disability until he provided a note from a chiropractor" CA6 R. 22, Appellee Br., at 18., indicating that he should refrain from "lift[ing] in excess of 30 pounds" for five days[8] and that such a "temporary restriction on lifting does not rise to the level of a disability under the ADA." *Id.* at 28 (footnote omitted). We agree with NGH.

"A prima facie case is not made out if the decisionmaker is unaware of the specifics of an employee's disabilities or restrictions, even if the decisionmaker has a general knowledge that a disability exists." *Hrdlicka*, 63 F.4th at 568 (internal quotation marks omitted). And despite Moore's assertions and Craddock's sworn affidavit,[9] which contradicts her February 2021 Incident Report about Moore's job performance,[10] the only evidence that he can point to is his chiropractor's "Authorization for Light Duty" meant to alleviate his unspecified condition, for a period of six days. "[V]ague or conclusory statements revealing an unspecified incapacity are not

---

[7] There is a factual dispute over whether Moore was hired as a "houseman" or "housekeeper," *supra* note 1, but this factual dispute does not preclude summary judgment here.

[8] It should be noted that Moore's Authorization for Light Duty indicates a date range from March 13 to March 18, 2021, which is six days, not five.

[9] Craddock's affidavit dated November 6, 2023, is replete with vague and conclusory statements, devoid of any factual specificities.

[10] On February 8, 2021, Craddock filed an "Incident Report" about Moore's poor job performance and defiant attitude. Some unspecified time later, Craddock once again wrote and signed a statement regarding Moore and what had transpired since the reported incident on February 8, 2021, in which she said: "Since then Demond has not improved yet he has made it very difficult for others to work creating a hostile environment. I have attempted to approach Demond on this behavior, and he intentionally ignores me and doesn't follow through with work assignments and just clocks out and leaves anytime you attempt to follow up with him. Demond doesn't listen to any direct orders from his supervisor, the owner and GM of the hotel. Demond acts of insubordination is [sic] very disturbing and takes away from the focus and the needs of a working environment." DE 10-5, Rhonda Craddock's Signed Statement, Page ID 209.

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

sufficient to put an employer on notice of its obligations under the ADA." *Id.* (internal quotation marks omitted).

Also in the record, supporting NGH's argument that it was unaware of Moore's alleged disability, are the two questions left unanswered on Moore's job application: (i) whether he could stand on his feet for long hours; and (ii) whether he had any health issues or concerns. During his deposition, Moore was asked why he had left the answers to those questions blank. Moore claimed that "there were two job applications." DE 10-1, Moore Dep., Page ID 154. Specifically, Moore explained that when filling out the job application as shown in the record, he left the section about his health issues blank because he allegedly told "them" that he had had a back surgery and "they" said, "oh, that's ok. Don't worry about it" and that "that was it."[11] *Id.* When pressed further on whether there was a separate job application containing the details of his health issues, Moore replied that he could not remember because he did not have the other application in front of him.

As the non-moving party, Moore was required "to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy" to survive summary judgment. *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) (citation modified). Here, the district court correctly found that Moore needed "specifics supporting facts to forestall summary judgment," but he failed to provide exactly those facts showing King's Inn was aware of his purported disability. DE 15, Op. & Order, Page ID 323-24. (citing *Salens v. Tubbs*, 292 F. App'x 438, 443 (6th Cir. 2008)).

---

[11] Moore did not specify, nor was he asked to clarify during his deposition, who "they" referred to. However, from the context, it can be inferred that "they" refers to King's Inn management.

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

### c.  Moore's Failure to Identify a Comparator

Lastly, the district court found that Moore had "not identified a nondisabled comparator employee or pointed to evidence that, after he was fired, he was replaced by a nondisabled person or that his position remained open." DE 15, Op. & Order, Page ID 324 (citing *Griffin v. Sec'y of Def.*, No. 23-3220, 2023 WL 8437145, at *3 (6th Cir. Dec. 5, 2023) (citation modified)). The failure to identify a comparator "alone precludes [a plaintiff] from sustaining his burden of presenting a prima facie case of disability discrimination." *Griffin*, 2023 WL 8437145, at *3; *see also Hoffman v. O'Malley*, 849 F. App'x 535, 539 (6th Cir. 2021) (affirming a grant of summary judgment when the plaintiff-appellant "failed to present to the district court evidence on the disability status of any of the employees she alleged were treated more favorably than her.").

Since Moore cannot successfully establish a prima facie case of disability discrimination under *McDonnell Douglas*, his claims under the ADA and its Ohio counterpart necessarily fail; thus, the district court did not err in granting NGH summary judgment on Moore's Counts VII and VIII.

### B.  Failure to Accommodate Claims[12]

Counts IX and X of Moore's complaint comprise his failure to accommodate claims. "In failure to accommodate cases, the plaintiff bears the initial burden of making out a prima facie case." *King v. Steward Trumbull Mem'l Hosp., Inc.*, 30 F.4th 551, 560 (6th Cir. 2022). To establish a prima facie case for failure to accommodate, an employee must show that: (1) he was disabled within the meaning of the ADA; (2) he was otherwise qualified for his position, with or

---

[12] "[B]ecause Ohio's handicap-discrimination statute was modeled after the ADA, the standards for demonstrating a prima facie case under either Ohio Rev. Code § 4112.02(A) or the ADA are virtually identical." *Green v. BakeMark USA, LLC*, 683 F. App'x 486, 491 n.4 (6th Cir. 2017) (citation modified). Accordingly, Moore's failure-to-accommodate claims are reviewed under the ADA and applicable caselaw.

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

without reasonable accommodation; (3) the defendant knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the defendant failed to provide the necessary accommodation. *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 669 (6th Cir. 2020). "If the plaintiff makes this showing, then the burden shifts to the employer to show that the accommodation would cause undue hardship for the employer." *King,* 30 F.4th at 560*.*

Here, the district court relied on its prior finding that Moore did not have a disability, concluding that Moore did not satisfy the first element. An employer is "not obligated to provide accommodation until the plaintiff ha[s] provided a proper diagnosis of h[is] disability and requested specific accommodation." *Kirilenko-Iso*, 974 F.3d at 670 (quotation marks omitted). Moore has not furnished any proof indicating that he ever provided King's Inn with a "proper diagnosis." *See id.* Because Moore failed to prove that he suffers from a disability as defined by the ADA, he did not successfully establish a prima facie case for failure to accommodate and thus, we affirm the district court's ruling on Counts IX and X.

### C.  Retaliation Claim

Moore's remaining claim, Count XI, alleges retaliatory discrimination by NGH. A prima facie case for retaliation requires a showing that "(1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). Moore argues that the district court erred in finding that he had "not engaged in protected activity" because he had "requested accommodations from his manager at King[']s Inn regarding activities that interfered with his disability" and that request constituted protected activity. CA6 R. 20, Appellant Br., at

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

19. NGH does not dispute whether Moore's request constitutes protected activity and instead argues that "the most fatal flaw to Moore's retaliation claim" is that he "has not presented sufficient evidence to satisfy the causation requirement" of his retaliation prima facie case. CA6 R. 22, Appellee Br., at 35.

The district court held that because Moore was unable "to identify any protected activity, his claims for retaliation (under the ADA and the Ohio counterpart) necessary fail[ed]." DE 15, Op. & Order, Page ID 327. Although we ultimately agree with the district court's grant of summary judgment to NGH on this count, we note that Moore did, in fact, engage in protected activity by submitting an "Authorization for Light Duty" to King's Inn. *See A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 698 (6th Cir. 2013) ("Both this circuit and most others agree that requests for accommodation are protected acts."); *see also Hurtt v. Int'l Servs., Inc.*, 627 F. App'x 414, 422 (6th Cir. 2015) ("We have held that requests for accommodation are protected acts.").

Nevertheless, NGH correctly argues that Moore failed to properly show that a causal connection exists between his alleged disability and an adverse action taken against him by King's Inn. Indeed, NGH put forth several justifications for its adverse employment decision to terminate Moore, effectively demonstrating that there was no causal connection between Moore's termination and his alleged disability. And in his opening brief, Moore devoted a mere two paragraphs to his retaliation claim, focusing solely on the fact that his accommodation request constituted a "protected activity." CA6 R. 20, Appellant Br., 19.

Moore did not attempt to prove his prima facie case for retaliation, let alone address any supposed pretext for NGH's nondiscriminatory explanations for its conduct, a necessary part of

No. 24-4050, *Moore v. Next Generation Hospitality LLC*

the burden-shifting analysis.[13]  Thus, he waived his argument.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (citation modified).  Moreover, it is "a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (quotation marks omitted).  Accordingly, we need not engage in this analysis on Moore's behalf.  *See also Bard v. Brown Cnty.*, 970 F.3d 738, 751 (6th Cir. 2020) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal." (citation modified)).

## IV.

For these reasons, we affirm the district court's judgment.

---

[13] The burden-shifting analysis is as follows: "If the plaintiff demonstrates h[is] prima facie case, the burden of production shifts to the defendant to show that it had a legitimate, non-discriminatory basis for the adverse action.  If it does so, the burden then shifts back to the plaintiff to show by a preponderance of the evidence that the defendant's reasons were not its true reasons, but were a pretext for retaliation."  *Kirilenko-Ison*, 974 F.3d at 661 (citation modified).

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-4050

DEMOND ALEX MOORE,

    Plaintiff - Appellant,

  v.

NEXT GENERATION HOSPITALITY LLC, dba Kings Inn & Suites,

    Defendant - Appellee.

>  **FILED**
>  Oct 29, 2025
>  KELLY L. STEPHENS, Clerk

Before: GIBBONS, McKEAGUE, and RITZ, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*

Kelly L. Stephens, Clerk