IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEMOND MOORE, | Case No.    1:22-cv-00548-MRB |
| Plaintiff, | JUDGE:  BARRETT |
| v. | RENEWED MOTION FOR ATTORNEY'S FEES |
| NEXT GENERATION HOSPITALITY LLC. | |
| Defendant | |

Pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Local Rule 54, Defendant Next Generation Hospitality, LLC, d/b/a Kings Inn & Suites, respectfully submits this Renewed Motion for Attorney's Fees.  The Court initially denied the Motion without prejudice pending a decision from the Sixth Circuit.  The Court of appeals having affirmed the decision of this Court, Defendant now renews the Motion.

This Motion is supported by an Affidavit from Counsel.  A separate Bill of Costs has been submitted for recoverable expenses.

**1.  STANDARD**

Section 1988 does not distinguish between prevailing plaintiffs and prevailing defendants. A prevailing plaintiff should "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968).  In contrast, prevailing defendants should recover fees only upon a finding that "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 419.  While Congress wanted to clear the

1

way for civil rights actions, it also wanted to protect defendants from frivolous litigation having no legal or factual basis. *Christiansburg*, 434 U.S. at 420. Accordingly, "[a]n award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001), *quoting Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

**2.      Defendant Is Entitled To Fees**

Plaintiff's claims are textbook examples of frivolous, unreasonable, or without-foundation claims. The plaintiff knew from the outset of the case that his claims of harassment and discrimination were frivolous. As this Court set forth in detail in the decision granting Defendant's Motion for Summary Judgment, Plaintiff was terminated, after receiving many chances, because, *inter alia,* he showed up late for work, failed to do assigned tasks, was rude to guests, disrespectful, and insubordinate. Although Plaintiff asserted a number of discrimination claims, the record clearly established that Plaintiff was terminated because he "was just a bad employee" – he was "disruptive," "disobedient," and "did not listen." None of this was seriously contested by Plaintiff. This Court should find that Plaintiff's claims were frivolous because Plaintiff never denied any of the reasons given for his termination, such as denying that he came into work late or was insubordinate.

Specifically:

The Gender Discrimination, Sexual Harassment, and Hostile Work Environment claims were frivolous. Plaintiff abandoned these claims after the filing of the Motion for Summary Judgment. This warrants a finding that the claims were frivolous because Plaintiff continued to litigate these claims – to the point of requiring Defendant to incur expenses drafting a Motion for Summary Judgment on these claims – even when he was aware that the claims could not be sustained. Plaintiff's claims for claims were groundless and his conduct caused Defendant to expend considerable resources

defending itself.  *Cf. Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000) (noting that a "plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset *or that the plaintiff continued to litigate after it clearly became so*." (emphasis supplied).)   The Sixth Circuit has made it clear that even if the initial complaint was not frivolous, an award of attorney's fees is appropriate where a party continues to litigate even after discovery shows no basis for the claim.  In *EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 591-592 (6th Cir. 2013), the Sixth Circuit upheld an award an attorney's fees in an employment discrimination case where discovery "clearly indicated" that the claims "belied the facts."  The court held that the plaintiff "should have reassessed its claim" and that, from "that point forward, it was unreasonable to continue to litigate…" *See also Pierzynowski v. Police Dept.*, 947 F.Supp. 1147, 1149 (E.D.Mich. 1996) (awarding fees to defendant because "At the very least, plaintiffs should have become aware of the deficiencies in their case after discovery.").

The Disability Discrimination claims were frivolous. The Sixth Cicuit held that Moore could not "successfully establish a prima facie case of disability discrimination…" Slip Op. at 13.  Most notably, this Court noted that Plaintiff had "not shown that he is disabled, the *sine qua non* of a disability discrimination claim."  Plaintiff had no medical documents indicating any disability and left blank that part of his application inquiring about health issues.  The Sixth Circuit noted "Other than his own pronouncement, Moore has not provided any supporting evidence that he indeed suffers from scoliosis or has another diagnosis to form the basis of his disability claim and thus, he cannot establish a physical impairment pursuant to the ADA." Slip Op. at 10.  In addressing some of the arguments put forward in support of these claims, the Court observed that "[the inferential leap Moore's counsel puts forward is not only unreasonable, but at odds with the concept of direct evidence…"

3

The Retaliation claims were also frivolous.  As this Court noted, Plaintiff admitted in his deposition that "he did not report disability discrimination to his supervisor" and, further, that he "fail[ed] to identify any protected activity" which could support a claim for retaliation.  At the Court of Appeals, Plaintiff essentially abandoned this claim; the Sixth Circuit noted that he "devoted a mere two paragraphs to his retaliation claim…" and "did not attempt to prove his prima facie case for retaliation, let alone address any supposed pretext…"  Slip Op. at 15-16.

**CONCLUSION**

Pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, or other applicable statute, this Court should award fees in the amount of $29,920.00. Defendant is also entitled to costs in the amount of $2,646.10, as described in the separate Bill of Costs.

Respectfully submitted,
/s/ Joshua A. Engel
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via the Court's ECF System this November 2, 2025 upon all counsel of record.

/s/ Joshua Engel
Joshua Adam Engel (0075769)