IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEMOND A. MOORE,

        PLAINTIFF,                      CASE NO.  1:22-CV-548-MRB
                                            JUDGE BARRETT

    vs.

NEXT GENERATION HOSPITALITY, LLC,

        DEFENDANT.


## CLERK'S MEMORANDUM AS TO BILL OF COSTS

On December 3, 2024, Defendant, Next Generation Hospitality, LLC, filed a Bill of Costs [18], and a briefing schedule was set by the clerk.  The Clerk notes that affidavits verifying the costs as required by 28 U.S. Code § 1924 is included with Defendant's Motion for Attorney Fees filed on December 3, 2024 [17-1] and Motion for Attorney Fees (*Renewed*) filed on November 2, 2025 [26-1] and thus the Clerk will consider these affidavits in conjunction with the Bill of Costs.

On December 5, 2024, Plaintiff, Demond Moore, filed a Notice of Appeal [20].  On November 20, 2025, the United States Court of Appeals for the Sixth Circuit issued its mandate which affirmed the decision of the district court [28].  To date, Plaintiff has not filed a response to the Bill of Costs.

At this time, the Clerk finds that the Bill of Costs was timely filed and there is no need for the attorneys and their clients to incur further appearance costs for a hearing or a telephone conference.

**Fees of the Clerk**

Defendant seeks costs in the amount of $402.00 for the filing fee associated with the removal of this case from the Warren County Court of Common Pleas to the Federal District Court.  The documentation provided clearly indicates the cost associated with the $402.00 filing fee, and the Court docket reflects that the fee was paid on September 23, 2022.  Therefore, costs are ALLOWED in the amount of $402.00.

**Fees for printed or electronically recorded transcripts**

The Court may assess the costs of taking a deposition in favor of the prevailing party. Depositions used for, or read into the record at, a hearing or trial may be taxed as costs.  In addition, depositions that were used in successful motions for summary judgment, motions to dismiss, and motions to quash may be taxed as costs.

Defendant seeks stated costs in the total amount of $2,441.10 for transcript costs and attaches supporting documentation.  However, the invoices provided total $2,244.10, which is a $197.00 discrepancy.  Upon review of the total listed on the "Activities Export" attached to the Bill of Costs [PAGEID 344], in conjunction with the affidavits accompanying the motions for attorney fees, the Clerk attributes this discrepancy to a scrivener's error and will proceed to evaluate this section based on costs in the amount of $2,244.10.

Defendant seeks costs in the amount of $1,361.95 for the transcript fees associated with the deposition of Demond Moore (Veritext Invoice No. 6718116).  The invoice provided clearly indicates the taxable costs associated with these services.  Therefore, costs in the amount of $1,361.95 are ALLOWED.

Defendant also seeks costs in the amount of $882.15 for the transcript fees associated with the deposition of Gaganpreet Kaur (Veritext Invoice No. 6718481).  The invoice provided

clearly indicates the taxable costs associated with these services.  Therefore, costs in the amount of $882.15 are ALLOWED.

Therefore, as to fees for printed or electronically recorded transcripts, costs in the amount of $2,244.10 are ALLOWED.

## Conclusion

In conclusion, based upon the pleadings, the Clerk finds that costs in the amount of $2,646.10 are ALLOWED.

Pursuant to the provisions in FRCP 54(d), a motion to review the Clerk's taxation of costs must be served within seven (7) days of the taxation of costs.

RICHARD W. NAGEL, CLERK


*/s/ Christine Bender*
Christine Bender,
Case Management Supervisor