**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DEMOND MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:22-cv-00548-MRB** |
| | ) | |
| **v.** | ) | **JUDGE MICHAEL R. BARRETT** |
| | ) | |
| **NEXT GENERATION HOSPITALITY** | ) | |
| **LLC d/b/a KINGS INN & SUITES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**PLAINTIFF DEMOND MOORE'S MOTION TO ALTER OR AMEND THE JULY 2,**</u>
<u>**2026 ORDER AWARDING ATTORNEY'S FEES AND MEMORANDUM IN SUPPORT**</u>

**<u>I. INTRODUCTION</u>**

Plaintiff Demond Moore respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's July 2, 2026 Order awarding Defendant Next Generation Hospitality, LLC ("NGH") $18,160 in attorney's fees. (Doc. 29). This is a narrow motion. Moore does not ask the Court to revisit the merits judgment, disturb the Sixth Circuit's affirmance, introduce new evidence, or revive the claims Moore did not oppose at summary judgment. Solely for purposes of this motion, Moore does not seek reconsideration of the Court's fee-entitlement determination as to Counts I–X. Moore asks the Court to reconsider only whether Count XI independently satisfied the governing prevailing-defendant fee standard and, if not, to make a corresponding allocation of fees.

Moore's fee opposition specifically argued that Count XI was not frivolous. Moore relied on the light-duty authorization, Moore's termination less than two weeks later, and Moore's challenge to NGH's stated reasons for termination. (Doc. 27, PAGEID 402–03). The Sixth Circuit held that the authorization was protected activity. The panel also stated that NGH's

1

proffered reasons effectively demonstrated no causal connection and held that Moore waived causation and pretext by failing to develop those issues adequately on appeal. (Doc. 25, PAGEID 382–83). This motion does not dispute those merits conclusions. The motion asks only whether Count XI, considered separately, was so lacking in an arguable factual or legal basis as to satisfy *Christiansburg* and, if not, whether *Fox v. Vice*, 563 U.S. 826 (2011), requires a reasonable allocation.

Moore does not contend that the Sixth Circuit's ruling establishes that Moore should have prevailed or that timing alone established causation. Moore's narrower position is that the established protected activity and Moore's termination less than two weeks later provided an arguable basis for pursuing Count XI, even though the claim ultimately failed. Moore therefore requests only a limited, claim-specific reduction if the Court concludes that Count XI did not satisfy *Christiansburg*.

## II. RELEVANT PROCEDURAL BACKGROUND

Moore's amended complaint asserted eleven claims. In responding to NGH's motion for summary judgment, Moore did not oppose summary judgment on Counts I–VI and litigated the disability-discrimination, failure-to-accommodate, and retaliation claims in Counts VII–XI. (Doc. 13, PAGEID 297–98; Doc. 25, PAGEID 372). As to Count XI, Moore relied on the light-duty authorization, Moore's termination less than two weeks later, and Moore's challenge to NGH's stated reasons for termination. (Doc. 13, PAGEID 287, 297; Doc. 27, PAGEID 402–03).

The Court granted summary judgment on all claims. On appeal, the Sixth Circuit affirmed. But it expressly corrected the premise on which this Court had dismissed the retaliation claim, holding that Moore "did, in fact, engage in protected activity by submitting an 'Authorization for Light Duty'" to NGH. (Doc. 25, PAGEID 382). The panel nevertheless stated

2

that NGH's proffered reasons effectively demonstrated no causal connection and held that Moore waived causation and pretext by failing to develop those issues adequately on appeal. (*Id.*, PAGEID 382–83).

NGH thereafter renewed its fee request. The Court found that the case fell within the "truly egregious" category and awarded fees beginning when NGH began drafting its summary-judgment motion and continuing through NGH's appellate work. (Doc. 29, PAGEID 421–23). The award comprises 23.4 hours related to summary judgment, 2.5 hours concerning costs and fee litigation, and 19.5 hours related to the appeal, all at $400 per hour. (*Id.*, PAGEID 422–23).

### III. RULE 59(e) STANDARD

Rule 59(e) permits alteration or amendment to correct a clear error of law or prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). It is not a vehicle to relitigate the merits or present evidence and arguments that could have been offered before judgment. *Leisure Caviar*, 616 F.3d at 615–16. Moore seeks no new evidence and no reconsideration of the merits judgment. Moore's fee opposition specifically argued that Count XI had an evidentiary basis and was not frivolous. (Doc. 27, PAGEID 402–03). This motion asks the Court to revisit only the claim-specific application of *Christiansburg* on the existing record and, only if necessary, the resulting allocation under *Fox*.

### IV. ARGUMENT

**A. Count XI warrants separate consideration under *Christiansburg*.**

A prevailing civil-rights defendant may recover fees only when the plaintiff's action was "frivolous, unreasonable, or without foundation," or when the plaintiff continued to litigate after the action clearly became so. *Christiansburg*, 434 U.S. at 421–22. Courts must resist hindsight

3

reasoning because an ultimately unsuccessful claim may still have been reasonable when pursued. *Id.* at 421–22. The Sixth Circuit describes such an award as an "extreme sanction" limited to "truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001).

*Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985), explains that fees may be appropriate when no evidence supports the plaintiff's position or when defects in the suit make ultimate failure clearly apparent from the beginning or at a significant point after which the plaintiff continues litigating. But "the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg.*" *Id.* In *Kidis v. Reid*, the Sixth Circuit affirmed the denial of fees where parts of the record made the unsuccessful claims facially plausible even though they failed on particular elements. 976 F.3d 708, 722–23 (6th Cir. 2020).

Count XI was not unsupported in every respect. Moore submitted a light-duty authorization and was terminated less than two weeks later. (Doc. 27, PAGEID 402). The Sixth Circuit held that the authorization was protected activity. (Doc. 25, PAGEID 382). *Mickey v. Zeidler Tool & Die Co.* recognizes that, in appropriate circumstances, very close temporal proximity may constitute evidence of causation at the prima facie stage. 516 F.3d 516, 524–25 (6th Cir. 2008). Moore does not contend that the interval alone established causation here. Moore relies on the protected activity and the short interval only to show that pursuing Count XI had a legally recognized and factually grounded basis.

The panel also stated that NGH's proffered reasons effectively demonstrated no causal connection and held that Moore waived causation and pretext. (Doc. 25, PAGEID 382–83). This motion accepts those merits conclusions. At the same time, the panel corrected the protected-

activity ruling on which this Court had dismissed Count XI. Taken together, the appellate decision confirms that Count XI failed, but it also provides a basis to reconsider whether that failure was clearly apparent after Moore's deposition within the meaning of *Christiansburg* and *Smith*.

The Order carefully explains why Moore's deposition undermined Counts I–VI and concludes that the remaining claims failed to establish prima facie cases. (Doc. 29, PAGEID 417–21). Solely for purposes of this motion, Moore does not seek reconsideration of the fee-entitlement determination as to Counts I–X. Moore respectfully asks the Court to reconsider only whether Count XI independently satisfied *Christiansburg* in light of the established protected activity and the timing evidence already presented in Moore's fee opposition.

**B. If Count XI did not satisfy *Christiansburg*, *Fox v. Vice* requires a corresponding claim-specific reduction.**

Even when some claims are frivolous, a prevailing defendant may recover only fees that "would not have been incurred but for the frivolous claims." *Fox*, 563 U.S. at 836. The defendant may not recover fees for work that would have been performed in the absence of the frivolous claims. *Id.* at 836–38. Applying *Fox*, the Sixth Circuit held that even if some claims were frivolous, the defendants had not shown that they incurred costs because of those claims that they would not have incurred anyway. *Barrow v. City of Cleveland*, 773 F. App'x 254, 267–68 (6th Cir. 2019).

Moore's fee opposition did not cite *Fox* by name, but it specifically defended Count XI and opposed treating that claim as frivolous. (Doc. 27, PAGEID 402–03). The allocation issue becomes relevant only if the Court reconsiders that claim-specific determination. If the Court concludes that Count XI did not satisfy *Christiansburg*, *Fox* requires the fee amount to exclude

work NGH would have performed to defend Count XI even in the absence of the claims that did satisfy *Christiansburg*. No new evidence or factual theory is offered.

The billing records do not segregate time by claim. They do, however, identify two categories in which Count XI was actively litigated:

1. Summary-judgment reply: NGH billed 7.3 hours ($2,920) for its reply. The reply devoted a section to Count XI, arguing that Moore had not shown protected activity and emphasizing NGH's stated reasons for termination. (Doc. 14, PAGEID 301). The billing records reflect 1.8 hours on April 10, 2.2 hours on April 11, and 3.3 hours on April 12 for the reply. (Doc. 26-1, PAGEID 396). A reasonable portion of those hours is attributable to Count XI.

2. Appeal-related work: NGH billed 19.5 hours ($7,800) for appeal-related work, including mediation and appellate briefing. Count XI was among the claims pursued on appeal, and the Sixth Circuit separately analyzed it. (Doc. 25, PAGEID 372, 381–83; Doc. 26-1, PAGEID 397–98). A reasonable portion of that work therefore is attributable to Count XI.

Those two billing categories total $10,720. Moore does not ask the Court to exclude that amount wholesale. If the Court concludes that Count XI did not satisfy *Christiansburg*, Moore asks only for a reasonable reduction reflecting the portion of those categories attributable to Count XI. *Fox* recognizes that trial courts may "take into account their overall sense of a suit" and use estimates in calculating and allocating fees. 563 U.S. at 838. A limited reduction would preserve the Court's fee-entitlement ruling as to Counts I–X while applying *Fox* to the work attributable to Count XI.

## V. CONCLUSION

For the foregoing reasons, Moore respectfully requests that the Court reconsider whether Count XI independently satisfied *Christiansburg*. If the Court concludes that it did not, Moore requests that the Court alter or amend the July 2, 2026 Order by reducing the award by a reasonable amount reflecting the portion of NGH's summary-judgment reply and appellate briefing attributable to Count XI. Moore requests that the Court resolve the motion on the existing record.

Respectfully submitted,

*/s/ Samuel T. Long*
Samuel T. Long (0103931)
**Spitz, The Employee's Law Firm**
11260 Chester Road, Suite 101
Cincinnati, Ohio 45246
Phone: (859) 317-5921
Fax: (216) 291-5744
Email: sam.long@spitzlawfirm.com

*Attorney for Plaintiff Demond Moore*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, a copy of the foregoing was filed through the Court's CM/ECF system and thereby served on all counsel of record.

/s/ Samuel T. Long
Samuel T. Long (0103931)
**Spitz, The Employee's Law Firm**

8