**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DEMOND MOORE, | Case No.    1:22-cv-00548-MRB |
| Plaintiff, | JUDGE:  BARRETT |
| v. | RESPONSE IN OPPOSITION TO MOTION TO ALTER OR AMEND ORDER AWARDING ATTORNEY'S FEES |
| NEXT GENERATION HOSPITALITY LLC. | |
| Defendant | |

This Court previously granted Defendant's Renewed Motion for Attorney's Fees.  (Doc.29.)

Plaintiff now argues that he is asking the Court to "revisit" the application of the Court's decision to Count XI, his retaliation claim.  Plaintiff claims this is not a motion for reconsideration, yet later states that he is asking the Court to "reconsider" the Attorney Fee's Order because he had submitted a light-duty authorization and was terminated less than two weeks later. (PageID#430-431.)

This Court "disfavor[s] motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided."  *Kidd v. Shoop*, S.D.Ohio No. 3:18-cv-131, 2019 U.S. Dist. LEXIS 64609, at *2 (Apr. 15, 2019).  This Court has said:

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority.

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(citations omitted); *Buckle Up Festival, LLC, v. City of Cincinnati*, 336 F. Supp. 3d 882, 885 (S.D. Ohio 2012). Plaintiff does not attempt to satisfy any of these criteria.

Substantively, Plaintiff claims that the submission of the "light duty authorization was protected activity" and that the short interval between the submission of this document and his termination shows that his claim was not frivolous.  (PageID#31.)  The problem was that the record do not help him.  The "light duty authorization" note from a medical provider contains no diagnosis, much less any medical findings that would substantiate or support any such diagnosis.[1]  The record, as this Court observed, is clear that he did failed to identify any protected activity which could support a claim for retaliation at a minimum because, after the note was provided, Defendant allowed him to be on "light duty" as he had requested.  (Kaur Depo., Doc#10-2, PageID#196.)  Even if the light duty note was protected activity, his claims is *still* frivolous because, applying the *McDonnell Douglas* burden-shifting framework, Defendant had numerous non-discriminatory reasons to terminate Plaintiff.  More than month before Plaintiff provided his "note" to Defendant -- the record shows that Plaintiff's supervisor was complaining that Plaintiff "disregarded every task that was given…" and was "rude and disrespectful." (Email, Doc#10-3, PageID#207; Memo., Doc#10-4, PageID#208.).  Plaintiff was subsequently described as insubordinate and received a written warning after he showed up late for work.  (Statement, Doc#10-5, PageID#209; Disciplinary Action Form, Doc#10-6, PageID#211.) Plaintiff was given a "Second Warning" just three days before he presented the note from the chiropractor for, *inter alia,* becoming combative."  (Employee Write Up, Doc#10-7, PageID#212-231.)

---

[1] This document records merely identifies a transitory problem that evidently led Plaintiff to visit a chiropractor one time, with no indication that these health concerns were confirmed (or even investigated) through examination or medical tests.

**CONCLUSION**

The Motion should be denied.

Respectfully submitted,
_____/s/ Joshua A. Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via the Court's ECF System this August 11, 2026 upon all counsel of record.

_____/s/ Joshua Engel_____
Joshua Adam Engel (0075769)